MATTER OF KHAN

In Deportation Proceedings

A-30593139

*Decided by Board April 17, 1972*

Respondent, who was admitted in possession of an immigrant visa issued to him as an alien child "accompanying or following to join" his father but who preceded his father, the principal alien, to the United States, was not an "accompanying" alien within the meaning of section 203(a)(9) of the Immigration and Nationality Act, as amended; further, his immigrant status, which was contingent upon the continuing immigrant status of his father, was terminated upon the father's death prior to respondent's admission, notwithstanding he lacked knowledge of such death and notwithstanding the approval of the father's visa petition had not been revoked. Hence, respondent is deportable because he was not of the status specified in his visa and was not in possession of a valid immigrant visa at entry.

CHARGES:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry—not of status specified in immigrant visa under section 203(a)(9) [8 U.S.C. 1153(a)(9)]

Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry (section 212(a)(20))—Immigrant, not in possession of a valid immigrant visa

ON BEHALF OF RESPONDENT:
David Carliner, Esquire
Pennsylvania Building
Washington, D.C. 20004

A. W. Hargreaves, Esquire
30 Hotaling Place
San Francisco, California 94111
(Counsel of record)

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney

This is an appeal from a decision of a special inquiry officer dated October 29, 1971, finding the respondent deportable on the charges in the order to show cause. He was granted voluntary departure. The appeal will be dismissed.

The respondent, his father and a brother, all natives and citizens of Pakistan, obtained immigrant visas from the American Consulate General at Lahore, Pakistan on January 29, 1971.

Respondent's father obtained an immigrant visa.(P5-1) under the provisions of section 203(a)(5) of the Immigration and Nationality Act as the brother of a United States citizen. Respondent and his brother obtained immigrant visas (P5-3's) under the provisions of section 203(a)(9) of the Act as alien children accompanying or following to join a parent who had been issued a fifth preference immigrant visa. Respondent's father and his brother were issued visas valid for four months but respondent was issued a visa valid for only one month because he was eligible to enter the United States only if he arrived on or before March 8, 1971, his twenty-first birthday. He left Pakistan on February 26, 1971 and was admitted to the United States as a permanent resident at New York, New York on March 1, 1971. He was then in possession of the P5-3 immigrant visa. His father had died in Pakistan on February 9, 1971 and respondent did not know of the death until after his admission to the United States.

Counsel for respondent contends that because the father's visa petition had not been revoked, the immigrant visa which respondent presented was valid for admission to the United States. Counsel also contended that the word "accompanying" in section 203(a)(9) of the Act should be given an elastic definition to cover a relative preceding the principal alien to the United States.

Paragraph (9) of section 203(a) provides that "A spouse or child as defined in section 101(b)(1)(A), (B), (C), (D), or (E) shall, if not otherwise entitled to an immigrant status and the immediate issuance of a visa or to conditional entry under paragraphs (1) through (8), be entitled to the same status, and the same order of consideration provided in subsection (b), *if accompanying*, or *following to join*, his spouse or parent." (Emphasis added.) The State Department regulation, 22 CFR 42.1, defines "accompanying" or "accompanied by" as meaning an alien in the physical company of a principal alien, and concludes with this significant statement: "An accompanying relative may not precede the principal alien to the United States."

A definition of "accompany" is not included in the Act, but we observe that among the meanings attributed to the word in Webster's New International Dictionary, 2d. edition are "to go along with," and "to go with or attend as a companion or associate." There is an explanation that the word implies the idea of going with someone or companionship. We conclude that the statutory language of section 203(a)(9) is not susceptible of the elastic construction urged by counsel. Respondent was not accompanying or following to join his father at the time he arrived in the United States and his immigrant visa was not valid for admission. His lack of knowledge of his father's death is not relevant.

123

Another issue that arises is the effect of the father's death on respondent's immigrant status. The issuance of an immigrant visa to a spouse or child under section 203(a)(9) is dependent upon the existence of the immigrant status of the principal alien. Thus, the validity of respondent's immigrant visa depended on the continued immigrant status of his father, the principal alien. Death terminated the father's immigrant status and thereby stripped respondent of his status.

There is no dispute as to the basic facts in this matter. It is our conclusion that respondent did not have the status specified in his immigrant visa and was not in possession of a valid immigrant visa at the time of his entry. The special inquiry officer correctly found him deportable on both charges by evidence which is clear, convincing and unequivocal. Accordingly, the following order will be entered.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.

*It is further ordered* that, pursuant to the special inquiry officer's order, the respondent be permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the District Director; and that, in the event of failure so to depart, the respondent shall be deported as provided in the special inquiry officer's order.