## MATTER OF NAULU

### In Deportation Proceedings

### A-23122658

*Decided by Board January 30, 1986*

A derivative beneficiary "accompanying or following to join" a principal alien under section 203(a)(8) of the Immigration and Nationality Act, 8 U.S.C. § 1153(a)(8) (1982), cannot precede the principal alien to the United States as an immigrant; however, once the principal alien acquires permanent resident status, his spouse or child is not barred as a matter of law from adjustment of status under section 245 of the Act, 8 U.S.C. § 1255 (1982), by reason of having preceded the principal alien to this country as a nonimmigrant. *Matter of Khan*, 14 I&N Dec. 122 (BIA 1972), *aff'd sub nom. Santiago v. INS*, 526 F.2d 488 (9th Cir. 1975), *cert. denied*, 425 U.S. 971 (1976), distinguished.

CHARGE:
    Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Nonimmigrant—remained longer than permitted

ON BEHALF OF RESPONDENT:
    Bienvenido D. Junasa
    Accredited Representative
    State Immigrant Services Center
    2153 N. King Street, Suite 304
    Honolulu, Hawaii 96819

ON BEHALF OF SERVICE:
    Joanna London
    General Attorney

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

On September 28, 1983, an immigration judge found the respondent deportable as charged under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2) (1982), as a nonimmigrant who remained in this country longer than permitted, but granted her the privilege of voluntary departure in lieu of deportation. No appeal was taken from that decision. On March 12, 1984, the respondent filed a motion to reopen the proceedings for consideration of her application for adjustment of status under section 245 of the Act, 8 U.S.C. § 1255 (1982). An immigration judge denied the motion on July 19, 1984. The respondent has appealed from the denial of her motion to reopen.

The respondent, a 39-year-old married woman, a native and citizen of Tonga, was admitted to the United States as a nonimmigrant visitor on July 15, 1975, and was authorized to remain in this country until January 15, 1976. She has not departed.

The respondent claims eligibility for adjustment of status as a derivative beneficiary through her husband as provided by section 203(a)(8) of the Act, 8 U.S.C. § 1153(a)(8) (1982). Under section 203(a)(8) of the Act, a spouse or child who is not otherwise entitled to an immigrant status or the immediate issuance of an immigrant visa is entitled to the same preference and the same priority date or order of consideration as the principal alien, without the approval of a separate visa petition, if "accompanying or following to join" his spouse or parent.[1] See 8 C.F.R. § 204.1(a)(4) (1985). The respondent's husband, whom she married in February 1973, was lawfully admitted to the United States for permanent residence on February 9, 1984.

In a brief in opposition to the motion to reopen, the Immigration and Naturalization Service contended that the respondent is not eligible to adjust her status as a derivative beneficiary since she neither accompanied her husband when he was admitted to the United States as an immigrant, nor followed to join him, but she instead preceded him to this country. An alien who precedes the principal alien to the United States, the Service argued, cannot obtain derivative preference status through that principal alien. In support of that proposition, the Service cited State Department regulation 22 C.F.R. § 42.1 (1985) and our decision in Matter of Khan, 14 I&N Dec. 122 (BIA 1972), aff'd sub nom. Santiago v. INS, 526 F.2d 488 (9th Cir. 1975), cert. denied, 425 U.S. 971 (1976). Defining the term "accompanying" and "accompanied by," the foregoing regulation, to which the Board referred in Matter of Khan, supra, concludes with the statement, "An 'accompanying' relative may not precede the principal alien to the United States." 22 C.F.R. § 42.1 (1985). The immigration judge denied the motion to reopen for the reasons set forth in the Service's brief.

On November 4, 1985, the Board asked the Service to review its position in the respondent's case in light of a policy memorandum, which the Acting Associate Commissioner for Examinations addressed to all Regional Commissioners on July 25, 1985, regarding

---

[1] The relationship between the principal alien and the derivative beneficiary must exist before the principal alien gains permanent resident status as well as at the time the derivative beneficiary seeks entry as an immigrant or adjustment of status. Vol. 9, Foreign Affairs Manual, Part III, 22 C.F.R. § 42.1, note 5. A child or spouse of an alien who is classified as an immediate relative is not eligible for benefits under section 203(a)(8) and must file a separate visa petition. 8 C.F.R. § 204.1(a)(4) (1985).

the eligibility of derivative beneficiaries to apply for adjustment of status when the principal alien has already gained permanent resident status. That memorandum states, inter alia, that an accompanying alien cannot precede the principal alien to the United States *"as an immigrant."* (Emphasis added.) The memorandum specifies that there is no bar to adjustment where, as here, a derivative beneficiary enters the United States as a nonimmigrant before the principal alien acquires permanent resident status.

The memorandum thus makes clear that the right of a derivative beneficiary to permanent resident status is wholly dependent upon that of the principal alien and may not be exercised unless and until the principal alien becomes a permanent resident. However, once the principal alien gains permanent residence, his spouse or child is not precluded as a matter of law from adjusting status as a person "accompanying or following to join" by reason of having physically preceded the principal alien to this country as a nonimmigrant.

We note that the current Service position is not inconsistent with our holding in *Matter of Khan, supra*. In that case and in the other cases considered by the United States Court of Appeals for the Ninth Circuit in *Santiago v. INS, supra*, an alien who had been issued an immigrant visa as one "accompanying or following to join" his spouse or parent was erroneously admitted to the United States for permanent residence in advance of the principal alien. In each case, death or the expiration of her visa prevented the principal alien from joining the derivative beneficiary. It was consequently found that the derivative beneficiary was not in possession of a valid immigrant visa at the time of his entry.

Following the Associate Commissioner's policy memorandum, the Service has advised the Board upon reconsideration that the respondent qualifies as a person "accompanying or following to join" for purposes of adjustment of status. As the respondent has made a prima facie showing of eligibility for the relief sought under section 245 of the Act, we shall sustain the appeal, grant the motion to reopen, and remand the record to the immigration judge for consideration of the respondent's application for adjustment of status.

ORDER: The appeal is sustained. The proceedings are reopened and the record is remanded to the immigration judge for consideration of the respondent's application for adjustment of status pursuant to section 245 of the Act.

MATTER OF VALENCIA

In Deportation Proceedings

A-24305559

*Decided by Board February 14, 1986*

Where the respondent presented a generalized statement on the Notice of Appeal (Form I-290A), failed to express the specific rationale for his conclusory assertions, filed no separate written brief, and did not seek oral argument to further explain the alleged error, his appeal is summarily dismissed pursuant to 8 C.F.R. § 3.1(d)(1-a)(i) (1985) for failure to adequately specify the reasons for the appeal.

CHARGE:
Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Nonimmigrant—remained longer than permitted

ON BEHALF OF RESPONDENT:
Louis Serterides, Esquire
152 Central Avenue
Jersey City, New Jersey 07306

ON BEHALF OF SERVICE:
Teresita R. Guerrero
General Attorney

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

In a decision dated September 25, 1985, the immigration judge found the respondent deportable on his own admissions under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2) (1982), as a nonimmigrant crewman who remained longer than permitted, and granted him voluntary departure in lieu of deportation. The respondent has appealed from that decision. The appeal will be summarily dismissed pursuant to 8 C.F.R. § 3.1(d)(1-a)(i) (1985).

On his Notice of Appeal (Form I-290A), the respondent, through counsel, states the following as his reason for this appeal: "I respectfully submit that the hearing officer erred in that of the appellant [sic] burden of proving a well-founded fear of persecution in his native Nicaragua." The respondent also specified on the Notice of Appeal that he does not desire oral argument and that he is not filing a separate written brief in support of his appeal.

We are unable to determine from the respondent's stated reason for his appeal whether the error he alleges relates to the particular

facts of his case, the law applied to them by the immigration judge, or both. By presenting only a generalized statement without filing a supporting brief to explain the specific aspects of the immigration judge's order that the respondent considers to be incorrect, he has failed to meaningfully identify the reasons for taking an appeal. In order to review the appeal, it would therefore be necessary for the Board to search through the record and speculate on what possible errors the respondent claims.

The regulations provide for summary dismissal of an appeal where the party concerned fails to specify the reasons for the appeal. 8 C.F.R. § 3.1(d)(1-a)(i) (1985). In *Matter of Holguin*, 13 I&N Dec. 423 (BIA 1969), we noted that this regulation was designed to permit us to deal promptly with appeals where the reasons given for the appeal are inadequate to apprise the Board of the particular basis for the alien's claim that the immigration judge's decision is wrong. We find that the respondent's appeal is one which warrants summary dismissal for failure to state with specificity the grounds for taking the appeal. *See Reyes-Mendoza v. INS*, 774 F.2d 1364 (9th Cir. 1985).

It is essential to the Board's adjudication of an appeal that the reasons given on the Notice of Appeal be as detailed as possible so that the alleged error can be identified and addressed. Without a specific statement, the Board can only guess at how the alien disagrees with the immigration judge's decision. It is therefore insufficient to merely assert that the immigration judge improperly found that deportability had been established or denied an application for relief from deportation. *See Reyes-Mendoza v. INS, supra*. Where eligibility for discretionary relief is at issue, it should be stated whether the error relates to grounds of statutory eligibility or to the exercise of discretion. Furthermore, it should be clear whether the alleged impropriety in the decision lies with the immigration judge's interpretation of the facts or his application of legal standards. Where a question of law is presented, supporting authority should be included, and where the dispute is on the facts, there should be a discussion of the particular details contested.

Although the regulations only refer to the reasons that must be stated on the Notice of Appeal, the contentions made by an alien on appeal are of course best presented in a brief setting forth his arguments. Depending on the complexity of the issues raised, a brief may be essential to an adequate presentation of the appeal. In all cases, however, the reasons for an appeal must be meaningfully identified on the Notice of Appeal.

The respondent has stated only that the immigration judge erred in finding no well-founded fear of persecution. He has chosen not to

submit a brief to enlighten us as to the specific rationale for his conclusory assertions and did not request an opportunity for oral argument. Under these circumstances, we find that summary dismissal of the appeal is appropriate. Accordingly, the appeal will be dismissed.

ORDER: The appeal is dismissed.

FURTHER ORDER: Pursuant to the immigration judge's order and in accordance with our decision in *Matter of Chouliaris*, 16 I&N Dec. 168 (BIA 1977), the respondent is permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the district director; in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.