**Luis Samuel Jara RIERO, Paul Andres Jara Espinol, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General of the United States,\* Respondent.**

**No. 07–3797–ag.**

United States Court of Appeals, Second Circuit.

July 16, 2009.

Joseph M. Tapper, Clayman, Tapper & Baram, LLC, Bloomfield, CT, for Petitioner.

Monica G. Antoun, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Dept. of Justice, (Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil

---

\* Eric H. Holder, Jr., is automatically substituted as the respondent in this case pursuant to Federal Rule of Appellate Procedure 43(c)(2).

Division, and Susan K. Houser, Senior Litigation Counsel, on the brief), Washington, DC, for Respondent.

Present: AMALYA L. KEARSE, ROSEMARY S. POOLER, Circuit Judges, DENISE COTE,** District Judge.

## SUMMARY ORDER

Petitioners-appellants Luis Samuel Jara Riero and Paul Andres Jara Espinol, natives and citizens of Ecuador, request review of a decision of the Board of Immigration Appeals ("BIA"), dismissing their appeal from a decision of Immigration Judge Michael W. Straus ("the IJ"), denying their application for adjustment of status. *In re Riero,* 24 I. & N. Dec. 267 (B.I.A. Aug. 15, 2007), *aff'g* No. A 78 391 417, A 78 391 418 (Immig. Ct. Hartford, CT Oct. 21, 2005). We assume the parties' familiarity with the underlying facts, the procedural history, and the specification of issues on appeal.

Riero came to the United States without inspection in 1992, and Espinol, his son, entered the United States some years later. Espinol lived part of the time with Riero and part of the time with his mother, Karina Maricela Espinoza, who had herself left Ecuador for the United States shortly after Riero did. Riero's first wife, Erin Ann Bamford, a U.S. citizen whom he married on February 26, 2001, filed Petitions for Alien Relative ("I–130"), on behalf of Riero and Espinol, on April 30, 2001. Riero and Bamford had an interview with the Department of Homeland Security ("DHS") on March 25, 2003, at which they were separated and asked questions to determine whether their marriage was bona fide. On April 10, 2003, the DHS sent Bamford an Intent to Deny letter,

stating that her and Riero's respective answers to questions were "so diverse as to cast significant doubt as to the bona fides of [the] marriage," and that documents they had submitted in an effort to prove the bona fides of the marriage, including a joint lease, joint bills, and joint bank account, did not overcome these inconsistences. On July 14, 2003, the DHS denied Bamford's I–130, noting her failure to respond to the intent letter. Riero and Bamford were divorced the week after the I–130 was denied. On January 8, 2004, the DHS denied Jara Riero's application for adjustment of status. On July 6, 2004, Espinol's application was also denied. On January 27, 2005, the DHS placed Jara Riero and Jara Espinol in removal proceedings.

On February 26, 2005, Riero married the mother of his son Espinol, now Karina Maricela Gause. Gause had become a U.S. citizen on April 12, 2002, through her 1997 marriage to Demary Gause, whom she later divorced. Riero and Gause had a U.S.-citizen son, Samuel, born in 2005. Gause filed I–130 petitions on behalf of Riero and Espinol in April 2005, which were approved on May 13, 2005. Riero and Espinol then applied again for adjustment of status. However, following a hearing, the IJ denied the applications for adjustment of status. The IJ, focusing on the marriage-based visa petition filed by Riero's first wife, found that the petition was not "approvable when filed," 8 C.F.R. § 1245.10(a), because the marriage was not bona fide. The IJ primarily relied on the absence of documentary evidence showing that the marriage was genuine and, also, relied on discrepancies in the couple's answers during the DHS interview. The BIA affirmed the denials and dismissed

---

** The Honorable Denise Cote, United States District Judge for the Southern District of New York, sitting by designation.

petitioners' appeal. Riero and Espinol petitioned for review in this Court.

Section 245(i) of the Immigration and Nationality Act provides that aliens who entered the United States without inspection are allowed to adjust their status if they filed a visa petition on or before April 30, 2001, 8 U.S.C. § 1255(i), and as the implementing regulations additionally provide, if the visa petition was "approvable when filed," 8 C.F.R. § 1245.10(a). The regulations define "approvable when filed" as a petition that is "properly filed, meritorious in fact, and non-frivolous ('frivolous' being defined herein as patently without substance)." 8 C.F.R. § 1245.10(a)(3). In *Butt v. Gonzales,* we recognized that "[t]he meaning of 'approvable when filed' is ambiguous," 500 F.3d 130, 135 (2d Cir.2007), and remanded for the BIA to interpret the definition of "approvable when filed." *Id.*

In this case, the BIA addressed the meaning of "approvable when filed" in the context of a marriage-based visa petition. 24 I. & N. Dec. at 268. The BIA found that a marriage-based visa petition is "approvable when filed" only if there is "a showing that the marriage on which it is based was bona fide." *Id.* The BIA similarly found that "in order to be 'meritorious in fact,' the visa petition must be based on a genuine marriage in which the parties intended to share a life as husband and wife, not a marriage of convenience designed solely to confer an immigration benefit on one of the parties." *Id.* The BIA stated that, to establish the visa petition was "meritorious in fact," the petitioner has to show that "the marriage was bona fide at its inception." *Id.* at 269. Applying this analysis, the BIA ruled that Riero's marriage to Bamford was not bona fide. The BIA pointed to inconsistent answers by Riero and Bamford to questions posed at their DHS interview, and stressed that Riero lacked evidence, such

as financial records, that could have supported the bona fides of the marriage. *Id.* at 269–70.

In their petition for review, Riero and Espinol argue, *inter alia,* that the BIA's interpretation of "approvable when filed" is unreasonable and should not be given *Chevron* deference. Since Riero and Espinol sought review of the BIA's and the IJ's decisions, our Court has addressed the BIA's interpretation of "approvable when filed," which, incidentally, was articulated below in our petitioners' case. *See Huarcaya v. Mukasey,* 550 F.3d 224 (2d Cir. 2008) (per curiam). In *Huarcaya,* as here, the petitioner argued that 8 C.F.R. § 1245.10(a)(3) was invalid under *Chevron. Id.* at 227–28 (citing *Chevron, U.S.A., Inc. v. Natural Resources Def. Council, Inc.,* 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)). We found that "the BIA's view articulated in *Riero,* requiring a bona fide marriage, is a permissible interpretation of the requirements of 8 U.S.C. § 1255(i)." *Id.* at 228. We also found, where the petitioner challenged the BIA's interpretation of its own regulations, that the BIA's interpretation is entitled to *Auer* deference, *see Auer v. Robbins,* 519 U.S. 452, 461, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997), because it is neither plainly erroneous nor inconsistent with the regulation. *Huarcaya,* 550 F.3d at 228–30. *Huarcaya* forecloses Riero's and Espinol's challenges to the BIA's interpretation of 8 C.F.R. § 1245.10(a).

We therefore turn to the agency's determination that the petitioners failed to show Riero's and Bamford's marriage was bona fide at inception. While we lack jurisdiction to review the discretionary denial of an adjustment of status application, 8 U.S.C. § 1252(a)(2)(B), we retain jurisdiction to review the determination of a petitioner's statutory eligibility for adjustment of status, which is a non-discretion-

ary determination. *Harjinder Singh v. Gonzales,* 468 F.3d 135, 138 (2d Cir.2006); *Rodriguez v. Gonzales,* 451 F.3d 60, 62 (2d Cir.2006) (per curiam). Here, the IJ adopted the findings from DHS's Notice of Intent to Deny letter, in stating that discrepancies between the Riero's and Bamford's answers "cast significant doubt o[n] the bona fides of the marriage." The IJ also explained that Riero "has not provided any documentary evidence to rebut the findings of the immigration examiner." The IJ's reliance on material inconsistencies between Riero's and Bamford's testimony before DHS and the lack of evidence to rebut DHS's findings was reasonable, and provided substantial evidence in support of the finding that the marriage was not bona fide. We have considered Riero's and Espinol's other arguments and find them to be without merit.

For the foregoing reasons, we **DENY** the petition for review. The government's motion to strike documents from the joint appendix is **DENIED** as moot.