# Matter of Svetislav ILIC, Respondent

*Decided March 8, 2012*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

For an alien to independently qualify for adjustment of status under section 245(i) of the Immigration and Nationality Act, 8 U.S.C. § 1255(i) (2006), as a derivative grandfathered alien, the principal beneficiary of the qualifying visa petition must satisfy the requirements for grandfathering, including the physical presence requirement of section 245(i)(1)(C) of the Act, if applicable.

FOR RESPONDENT: Rodney R. Youman, Esquire, New York, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY: Mary T. Abraham, Assistant Chief Counsel

BEFORE: Board Panel: PAULEY, WENDTLAND, and GREER, Board Members.

GREER, Board Member:

In a decision dated June 1, 2009, an Immigration Judge found the respondent removable and granted his application for adjustment of status under section 245(i) of the Immigration and Nationality Act, 8 U.S.C. § 1255(i) (2006). The Department of Homeland Security ("DHS") has appealed from that decision. This case addresses whether the respondent is eligible to apply for adjustment of status under section 245(i) as a grandfathered alien based on his own approved visa petition. Because the record does not establish whether the respondent's wife satisfied the physical presence requirement for her to be grandfathered under section 245(i), which we find is necessary for the respondent to independently qualify for adjustment under that section, the record will be remanded to the Immigration Judge for further proceedings.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent and his wife are both natives and citizens of Serbia, the former Republic of Yugoslavia. They were married on May 8, 1982. The respondent's wife is the beneficiary of an approved family-based immigrant visa petition, Form I-130 (Petition for Alien Relative), filed by her sister

on December 1, 1999. The respondent entered the United States most recently on August 15, 2005, without inspection. He is the beneficiary of an approved employment-based immigrant visa petition, Form I-140 (Immigrant Petition for Alien Worker), filed by his employer, with a priority date of April 22, 2004.

In removal proceedings, the respondent conceded removability and applied for adjustment of status under section 245(i) of the Act as a derivative grandfathered alien based on the Form I-130 filed for his wife in 1999. The Immigration Judge found the respondent eligible for adjustment of status and granted his application.[1]

## II. ISSUE

The issue before us is whether the respondent can independently qualify for section 245(i) adjustment as a derivative grandfathered alien if the principal beneficiary of the qualifying visa petition does not meet the physical presence requirement under section 245(i)(1)(C) of the Act.

## III. SECTION 245(i)

Section 245(i) of the Act permits adjustment of status for certain grandfathered aliens who are ineligible under section 245(a) on the basis of having entered without inspection or who are barred under section 245(c). To be eligible for adjustment of status under this section, an alien must be "the beneficiary (including a spouse or child of the principal beneficiary, if eligible to receive a visa under section 203(d))" of the Act, 8 U.S.C. § 1153(d) (2006), of an immigrant visa petition filed on or before April 30, 2001, or of an application for a labor certification that was filed pursuant to the regulations on or before that date. Section 245(i)(1)(B) of the Act; *see also* 8 C.F.R. § 1245.10(a)(1)(i) (2011). A beneficiary of a visa petition or labor certification filed after January 14, 1998, must demonstrate that he or she was physically present in the United States on December 21, 2000. Section 245(i)(1)(C) of the Act; 8 C.F.R. § 1245.10(a)(1)(ii); *see also Matter of Rajah*, 25 I&N Dec. 127, 133-34 (BIA 2009) (discussing the congressional intent behind the enactment of section 245(i) of the Act and the eligibility requirements for adjustment of status under that section).

---

[1] At the time of the Immigration Judge's decision, the respondent's visa was immediately available to him through his employer's Form I-140, whereas his wife's priority date was not current.

A grandfathered alien is not limited to seeking adjustment of status based solely on the qualifying visa petition or application for labor certification that initially conferred grandfathered status. We agree with the position of the United States Citizenship and Immigration Services ("USCIS") that such aliens may seek adjustment of status on any other basis for which they are eligible. *See* Memorandum from William R. Yates, Assoc. Dir. for Operations, to USCIS officials (Mar. 9, 2005), at § 3A(2) (clarifying the eligibility requirements for adjustment of status under section 245(i)), 2005 WL 628644 ("Yates Memo"); *see also Matter of Legaspi*, 25 I&N Dec. 328, 329 n.2 (BIA 2010) (agreeing with the Yates Memo's interpretation of section 245(i) of the Act); *cf. Matter of Jara Riero and Jara Espinol*, 24 I&N Dec. 267, 267-68 (BIA 2007) (noting that under 8 C.F.R. § 1245.10(i), the denial of a qualifying visa petition that was properly filed and approvable when filed will not preclude the grandfathered beneficiary from seeking adjustment of status under section 245(i) of the Act on the basis of another approved visa petition).

## IV. PRINCIPAL GRANDFATHERED ALIENS AND DERIVATIVE GRANDFATHERED ALIENS

Under the regulations relating to section 245(i), there are two categories of grandfathered aliens. The first category, principal grandfathered aliens, encompasses beneficiaries of visa petitions or labor certifications that were (1) filed on or before April 30, 2001; (2) properly filed; and (3) approvable when filed. 8 C.F.R. § 1245.10(a)(1)(i); *see also Matter of Legaspi*, 25 I&N Dec. at 329. If the visa petition or labor certification was filed for the principal grandfathered alien after January 14, 1998, he or she must have been physically present in the United States on December 21, 2000. 8 C.F.R. § 1245.10(a)(1)(ii).

The second category, derivative grandfathered aliens, encompasses spouses and children of principal grandfathered aliens, if eligible to receive a visa under section 203(d) of the Act. The derivatives do not need to establish physical presence even if the qualifying visa petition was filed after January 14, 1998, given that they may be following the principal grandfathered alien to join him or her in the United States. 8 C.F.R. § 1245.10(a)(1)(ii).

The DHS recognizes that the physical presence requirement does not apply to derivative grandfathered aliens. Nonetheless, the DHS contends that the respondent has become the "principal grandfathered alien" because he is the "principal adjustment applicant." In other words, the DHS argues that the respondent is transformed from a derivative grandfathered alien to a principal grandfathered alien because he is the principal adjustment applicant based on the approved Form I-140. Under this interpretation, the respondent himself

would need to meet the physical presence requirement under section 245(i)(1)(C), which he concedes he cannot do. The respondent argues that he remains a derivative grandfathered alien and that there is no requirement for him to independently establish physical presence.

The Act does not define the term "principal alien," but it is defined at 22 C.F.R. § 40.1(q) (2011) as "an alien from whom another alien derives a privilege or status under the law or regulations." We understand that within the context of 8 C.F.R. § 1245.10(a)(1)(ii), the term "principal alien who is a grandfathered alien" refers to the principal beneficiary of the qualifying visa petition. Here, the principal grandfathered alien would be the respondent's wife, to whom he was married when her sister filed the visa petition for her in 1999. In order to be grandfathered, she must meet the applicable statutory and regulatory criteria, including timely and proper filing of an approvable visa petition and physical presence.

Derivative beneficiaries are only entitled to the status available to the principal alien under section 203(d) of the Act. *See Matter of Naulu*, 19 I&N Dec. 351, 353 (BIA 1986) (observing that "the right of a derivative beneficiary to permanent resident status is wholly dependent upon that of the principal alien"). Thus, if the respondent's wife was in the United States on the date in question, she is grandfathered for purposes of section 245(i) eligibility, and so is the respondent, who would be able to apply for section 245(i) adjustment based on his Form I-140. However, if the respondent's wife does not meet the physical presence requirement, she is not grandfathered and the respondent cannot qualify for section 245(i) adjustment as a derivative grandfathered alien.

## V. CONCLUSION

The respondent's wife is the beneficiary of an approved Form I-130, which was filed on December 1, 1999. If she was physically present in the United States on December 21, 2000, she qualifies as a principal grandfathered alien. In that case, because the respondent could have accompanied or followed to join her as a derivative beneficiary, he would qualify as a derivative grandfathered alien. As a derivative grandfathered alien, he would be eligible to adjust under section 245(i) of the Act. However, it is unclear from the record whether the respondent's wife was physically present in the United States on December 21, 2000. Accordingly, we will remand the record to the Immigration Judge for the necessary fact-finding.

**ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.