# Matter of Muhammad Imran BUTT, Respondent

*Decided April 19, 2013*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  For purposes of establishing eligibility for adjustment of status under section 245(i) of the Immigration and Nationality Act, 8 U.S.C. § 1255(i) (2006), an alien seeking to be "grandfathered" must be the beneficiary of an application for labor certification that was "approvable when filed."

(2)  An alien will be presumed to be the beneficiary of a "meritorious in fact" labor certification if the application was "properly filed" and "non-frivolous" and if no apparent bars to approval of the labor certification existed at the time it was filed.

FOR RESPONDENT:  Richard A. Newman, Esquire, New York, New York

FOR DEPARTMENT OF HOMELAND SECURITY:  Laurence Arturo, Assistant Chief Counsel

BEFORE:  Board Panel:  PAULEY, GREER, and WENDTLAND, Board Members.

GREER, Board Member:

This case addresses whether the respondent's labor certification application was "approvable when filed" and therefore served to "grandfather" him for purposes of establishing his eligibility for adjustment of status under section 245(i) of the Immigration and Nationality Act, 8 U.S.C. § 1255(i) (2006).  The respondent's employer did not pursue a full and favorable adjudication of the labor certification application that was filed before the April 30, 2001, sunset of section 245(i) of the Act, instead refiling it at a later date.  In a decision dated October 5, 2009, an Immigration Judge found that the initial labor certification filed on the respondent's behalf by his employer was not approvable when filed because it did not meet the regulatory requirements for certification. We disagree and conclude that the respondent's labor certification application was "approvable when filed" because it was "properly filed," "non-frivolous," and "meritorious in fact" within the meaning of the governing regulations.  The respondent's appeal will therefore be sustained and the record will be remanded to the Immigration Judge for further proceedings.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Pakistan who entered the United States without inspection. On April 30, 2001, the Sweet 'N' Sour Corporation filed an Application for Alien Employment Certification (Form ETA 750) (labor certification) on the respondent's behalf with the New York Department of Labor ("DOL"), seeking to employ him on a permanent basis as a manager.[1] The labor certification was date-stamped and accepted for processing.

On December 29, 2003, the New York DOL mailed the respondent's employer a request for information regarding the labor certification application. The request solicited amendments to the ETA 750 Parts A and B, a statement from the employer explaining the company's need for both a full-time manager and full-time assistant manager at the yogurt shop, and an accounting of the titles and duties of all the respondent's direct subordinates, along with information about certain recruitment efforts undertaken by the employer to locate qualified United States workers for the position. The request also advised the employer that the company had 45 days to respond. The employer submitted a timely response to the New York DOL via certified mail sent on February 12, 2004. On September 1, 2004, the New York DOL mailed another request for information to the employer, requiring further amendments to the ETA 750 Parts A and B, a modification of the wage/salary offered for the position sought to be certified, and completion of additional recruitment efforts, along with proof of compliance with such requirements. However, the labor certification was ultimately not favorably adjudicated.[2]

On March 22, 2005, the employer filed a new labor certification on the respondent's behalf, again seeking to employ him as a manager. This second labor certification was approved on February 22, 2007. On August 10, 2007, relying on the approved labor certification, the employer filed a Petition for Alien Worker (Form I-140) with United States Citizenship and

---

[1] Following the implementation of the Permanent Labor Certification program, effective March 25, 2005, the Form ETA 750 has been replaced by the current Application for Permanent Labor Certification (Form ETA 9089). *See generally* 20 C.F.R. § 656.17 (2012).

[2] The respondent maintains that the labor certification was effectively withdrawn by his employer before the 45-day period expired. This assertion is supported by correspondence from the employer requesting the withdrawal, which was addressed to the New York DOL and dated September 27, 2004. The Department of Homeland Security maintains that the petition was denied and presented a United States Citizenship and Immigration Services document that references correspondence from the New York DOL that denied the labor certification based on the employer's failure to timely respond to the September 1, 2004, request for information.

Immigration Services ("USCIS") to accord the respondent third-preference employment-based classification ("EB-3") under section 203(b)(3) of the Act, 8 U.S.C. § 1153(b)(3) (2006). The respondent concurrently filed his application for adjustment of status pursuant to section 245(i). The visa petition was approved on February 12, 2008, and the respondent was accorded a March 22, 2005, priority date. However, on June 12, 2008, the USCIS denied the respondent's adjustment application, concluding that the original labor certification filed by his employer did not serve to "grandfather" the respondent under section 245(i) of the Act. According to the USCIS, although the labor certification was timely filed on April 30, 2001, the respondent did not establish that it was "approvable when filed" in accordance with the governing regulations because it was denied as a result of the employer's failure to respond to a request for information.

The Department of Homeland Security ("DHS") initiated removal proceedings against the respondent by the issuance of a notice to appear dated August 13, 2008. At a hearing before the Immigration Judge, the respondent conceded removability and requested the renewal of his adjustment application. The Immigration Judge found that the initial labor certification filed by the respondent's employer was not "approvable when filed" within the meaning of the regulations, denied the adjustment application, and ordered the respondent removed. The respondent has appealed.

## II. ISSUE

The issue on appeal is whether the labor certification filed by the respondent's employer on April 30, 2001, serves to "grandfather" him under section 245(i) of the Act pursuant to 8 C.F.R. §§ 245.10(a)(1)(i)(B) and 1245.10(a)(1)(i)(B) (2012). To resolve this issue, we must consider whether the labor certification was "approvable when filed" because it was (1) "properly filed," (2) "meritorious in fact," and (3) "non-frivolous. *See* 8 C.F.R. §§ 245.10(a)(1)(i)(B), (2)(ii), (3), 1245.10(a)(1)(i)(B), (2)(ii), (3).

## III. ANALYSIS

### A. Section 245(i) Eligibility

An alien may apply for adjustment of status without first having been inspected and admitted or paroled if he qualifies for adjustment under section 245(i) of the Act as the beneficiary of a labor certification or visa petition filed on his behalf on or before April 30, 2001. *See* section 245(i) of the Act; 8 C.F.R. §§ 245.10(a)(1)(i), 1245.10(a)(1)(i). The alien may apply to adjust under section 245(i) of the Act either by using the

qualifying labor certification or visa petition to adjust or, if he is adjusting through another labor certification or visa petition, by establishing that he is "grandfathered" by a filing from April 30, 2001, or earlier.  *See* 8 C.F.R. §§ 245.10(a)(1), (3), 1245.10(a)(1), (3); *see also* Memorandum from William R. Yates, Assoc. Dir. for Operations, to USCIS officials (Mar. 9, 2005), 2005 WL 6286444 (INS) (interpreting the grandfathering regulations as not limiting an alien to seeking adjustment of status solely on the basis of the qualifying immigrant visa petition); Memorandum from Robert L. Bach, Exec. Assoc. Comm., Office of Policy and Programs, to INS officials (Apr. 14, 1999), 1999 WL 33435638 (INS) ("Bach Memo I") (adopting an "alien-based" reading of section 245(i), pursuant to which an alien may be grandfathered by a qualifying petition even if the petition is not the "vehicle" through which the alien ultimately adjusts).[3]

In order to establish that an alien is grandfathered by a filing from April 30, 2001, or earlier, the labor certification or visa petition must have been approvable when filed, which is defined by regulation as a petition that is:  (1) "properly filed," (2) "meritorious in fact," and (3) "non-frivolous."  *See* 8 C.F.R. §§ 245.10(a)(1)–(3), 1245.10(a)(1)–(3); *see also Matter of Ilic*, 25 I&N Dec. 717, 718 (BIA 2012); *Matter of Legaspi*, 25 I&N Dec. 328, 329 (BIA 2010).  If these requirements are met, an alien may continue to be grandfathered even if the qualifying labor certification or visa petition is subsequently denied, revoked, or withdrawn. *See* 8 C.F.R. §§ 245.10(i), 1245.10(i).

Accordingly, in assessing whether the initial labor certification filed by the respondent's employer on April 30, 2001, grandfathers the respondent under section 245(i) of the Act, we must determine whether the petition was "approvable when filed" and interpret what the term means when applied to a labor certification that subsequently becomes nonviable as a result of its denial, revocation, or withdrawal.  We will discuss the meaning of the terms "properly filed," "meritorious in fact," and "non-frivolous" in interpreting when a labor certification may serve to grandfather an alien under section 245(i) of the Act.

---

[3]  Memoranda issued by the former Immigration and Naturalization Service and the USCIS addressing the issues raised in this appeal are not binding on the Board.  *See Matter of Avila-Perez*, 24 I&N Dec. 78, 82 n.4 (BIA 2007).  Similarly, less formal agency opinion letters do not bind the Board.  *See Christensen v. Harris County*, 529 U.S. 576, 587 (2000) ("Interpretations such as those in opinion letters—like interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law—do not warrant *Chevron*-style deference.  Instead, interpretations contained in formats such as opinion letters are 'entitled to respect' . . . , but only to the extent that those interpretations have the 'power to persuade.'" (citations omitted) (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944))).

### B.   Properly Filed

According to 8 C.F.R. §§ 245.10(a)(2)(ii) and 1245.10(a)(2)(ii), a labor certification is "properly filed" if it was "accepted pursuant to the regulations of the Secretary of Labor, 20 CFR 656.21."[4]   In examining whether the employer's original labor certification was properly filed, we first look to the United States DOL regulations that were applicable on April 30, 2001.

Under the regulations, an employer was required to submit a signed ETA 750 in duplicate with the local office serving the area where the proposed employment was to occur.   20 C.F.R. § 656.21(a) (2001).   A completed ETA 750 included a statement of the alien's qualifications (signed by the alien) and a description of the job offer, including items required by 20 C.F.R. § 656.21(b).   20 C.F.R. § 656.21(a)(1)–(2).   If the labor certification was deemed complete by the local office, the ETA 750 was date-stamped and accepted for processing, but an incomplete form was returned to the employer by the local office with additional instructions for the employer to refile a complete application.   20 C.F.R. § 656.21(d); *see also De Acosta v. Holder*, 556 F.3d 16, 19-20 (1st Cir. 2009) (explaining that an incomplete application is not properly filed for purposes of establishing grandfathering under section 245(i) of the Act); 20 C.F.R. § 656.30(b)(1) (2001) (stating that a labor certification is "deemed validated" as of the date the local office date-stamps the application).[5]

Accordingly, we conclude that a "properly filed" labor certification application must be a complete application.   However, a complete application that raises additional questions in the adjudication process remains properly filed, notwithstanding the need for the employer to provide additional information to obtain a favorable adjudication of the application.[6]

---

[4]  The DOL maintains sole jurisdiction over the processing of labor certifications.   *See* 20 C.F.R. §§ 656.24, 656.26 (2012).

[5]   Amendments to the regulations made subsequent to the filing of the respondent's labor certification provide that a date stamp, which indicates the validation of a labor certification, may then be used by the DHS as the priority date on the related visa petition, as appropriate. *See* 20 C.F.R. § 656.30(a)(2) (2012); *see also Technical Assistance Guide No. 656*, I.C.656.21(4) (USDOL-ETA Sept. 1981) ("TAG"), *available at* IMMLS2D PSD TAG I C (Westlaw) (stating that the date stamped on the labor certification by the local office is used as the priority date for the filing of any related visa petition).

[6]  For example, where an application is accepted for processing and the local office takes issue with the rate of pay offered or any job requirements that it deems unduly restrictive or impermissibly discriminatory, the petitioner is notified of the alleged defect and asked to address it.   *See* 20 C.F.R. § 656.21(e), (f)(2).   An employer's failure to provide a timely response can form a basis for denying the labor certification.

(continued . . .)

Our definition of the term "properly filed" is consistent with that adopted by the former Immigration and Naturalization Service ("INS"). Initially, the April 14, 1999, Bach memorandum indicated that an alien may be grandfathered by a labor certification filed on or before the sunset of section 245(i) of the Act if the alien demonstrates that the application met all of the relevant regulatory requirements established by the DOL for filing the application. *See* Bach Memo I, *supra*, at 6. Although the term "filing" was not defined in the memo, the former INS later consulted with the DOL and clarified this definition by explaining that a properly filed labor certification is one in which the ETA 750 is properly completed by the employer and the beneficiary alien, so long as the application is filed with the appropriate local office on or before the sunset date. *See* Memorandum from Robert L. Bach, Exec. Assoc. Comm., Office of Policy and Programs, to INS officials (June 10, 1999), 1999 WL 33435639 (INS) ("Bach Memo II").

Subsequently, in an interim rule and request for public comment, the former INS again explained that it considered a labor certification "properly filed" when the ETA 750 was accepted for processing by the local office. *See* Adjustment of Status To That of Person Admitted for Permanent Residence; Temporary Removal of Certain Restrictions of Eligibility, 66 Fed. Reg. 16,383, 16,385 (interim rule Mar. 26, 2001) (responding to the congressional amendments to section 245(i) of the Act brought about by the passage of the Legal Immigration Family Equity Act Amendments of 2000, Pub. L. No. 106-554, § 1502, 114 Stat. 2763, 2763A-324); *see also* Letter from Pearl Chang, Dir., Residence and Status Branch, INS, to H. Ronald Klasko, HQ ADN 70/23.1 (May 15, 2001) ("Klasko Letter"), *reprinted in* 78 Interpreter Releases, No. 22, June 4, 2001, app. IV at 931, 980–82, *available at* 78 No. 22 INTERREL 931 (Westlaw) (explaining that the INS read the term "properly filed" as it pertains to a labor certification by reference to the DOL regulations).

There is no question whether the respondent's ETA 750 was accepted for processing by the local office on April 30, 2001. However, the Immigration Judge concluded that the labor certification was not "properly filed" because he found that it did not meet the regulatory requirements at

_____

(. . . continued)
*See* 20 C.F.R. § 656.21(e), (f)(2); *see also Jin Qing Wu v. Holder*, 705 F.3d 1 (1st Cir. 2013); 20 C.F.R. § 656.21(h) (stating that the petitioner is afforded 45 calendar days within which to remedy any deficiencies identified by the local office); TAG I.C.656.21(4). However, where an employer provides an untimely response to additional questions raised on a "validated" or complete application, such queries do not undermine the fact that the application was "properly filed." *See* 20 C.F.R. § 656.30(b)(1); TAG I.L.656.30(1), *available at* IMMLS2D PSD TAG I L (Westlaw).

20 C.F.R. §§ 656.21(g)(4) and (h), which are related to the rate of pay set for the proffered position and the required timely response to a request for information. However, these factors relate, not to the completeness of the filing, but rather to questions raised by the completed filing that had to be subsequently adjudicated. Accordingly, we disagree with the Immigration Judge's legal determination that the April 30, 2001, labor certification filed by the respondent's employer was not "properly filed," because it is clear that the local office deemed the application complete and date-stamped it on the sunset date.

### C. Meritorious in Fact

Unlike the term "properly filed," which is defined in the regulations, the phrase "meritorious in fact" is not. *See* 8 C.F.R. §§ 245.10(a)(3), 1245.10(a)(3). Moreover, neither we nor the United States Court of Appeals for the Second Circuit, in whose jurisdiction this case arises, have previously interpreted the meaning of the phrase "meritorious in fact" in relation to labor certifications. Accordingly, in developing a formal definition of the term, we will examine case law defining it in other contexts. We will also look to agency memoranda and opinion letters related specifically to labor certifications.

With regard to visa petitions, the Second Circuit has explicitly found that the phrase "meritorious in fact" is ambiguous because it is not defined and can be given a variety of meanings. *See Linares Huarcaya v. Mukasey*, 550 F.3d 224, 229 (2d Cir. 2008); *Butt v. Gonzales*, 500 F.3d 130, 135 (2d Cir. 2007). The court has reasoned that when the terms "non-frivolous" and "meritorious in fact" are read together, the regulatory language indicates that a "meritorious in fact" filing need not actually be approved in order to grandfather an alien. *See Butt v. Gonzales*, 500 F.3d at 135.

In the context of a visa petition filed on the basis of a marriage, the Second Circuit adopted our definition of the term "meritorious in fact," which required the underlying marriage to be bona fide at its inception for purposes of grandfathering an alien. *Linares Huarcaya v. Mukasey*, 550 F.3d at 228–30; *see also Matter of Jara Riero and Jara Espinol*, 24 I&N Dec. 267, 268 (BIA 2007) (adopting the definition of the term "meritorious in fact" as originally outlined in *Lasprilla v. Ashcroft*, 365 F.3d 98 (1st Cir. 2004), in the context of a marriage-based visa petition), *aff'd sub nom. Riero v. Holder*, 337 F. App'x 71, 73 (2d Cir. 2009). The court reasoned that the definition of the term we used in the marriage-based context was reasonable and entitled to deference because it was consistent with the history of section 245(i) of the Act, which was aimed at protecting those who "'had *legitimate* visa applications on file before the more restrictive

amendment came into force,' rather than giving applicants a 'second bite at the apple,'" where no such legitimate interest previously existed. *Linares Huarcaya v. Mukasey*, 550 F.3d at 230 (quoting *Echevarria v. Keisler*, 505 F.3d 16, 19–20 (1st Cir. 2007)). Under this reading of the term "meritorious in fact," a subsequent breakdown or change in the relationship supporting the visa petition would not undermine the alien's grandfathered status. *See, e.g.*, 8 C.F.R. §§ 245.10(a)(3)–(4), 1245.10(a)(3)–(4). This is consistent with the historical purpose of the statute.

The Fourth Circuit has also provided some guidance for defining the term in the context of a special immigrant visa petition filed on behalf of a religious worker. *Ogundipe v. Mukasey*, 541 F.3d 257, 261 (4th Cir. 2008). Like the Second Circuit, the court relied on our analysis in *Matter of Jara Riero and Jara Espinol* in finding that a religious worker visa petition is "meritorious in fact" if it would have "merit[ed] a legal victory" had it been fully adjudicated, even if the petition was not fully prosecuted or actually approved. *Id*. at 260.

The approach that we have used, and with which the Second and Fourth Circuits agree, is appropriate in determining if a visa petition "merited a legal victory" upon filing. *Id*. In that context we have the ability to consider whether the visa petition would have been approved had it been adjudicated on the date it was filed, notwithstanding the fact that it may (1) remain unadjudicated at some future date or (2) have been denied, withdrawn, or revoked as a result of subsequent events (for example, a divorce between the alien and the petitioning spouse, the marriage of an unmarried alien child where the child's single status is critical to approval of the petition, or the closing of a petitioning business, which rendered it unable to offer the alien employee a job under the employment-based visa petition). *See* 8 C.F.R. §§ 245.10(a)(3)–(4), 1245.10(a)(3)–(4); *see also* 8 C.F.R. §§ 205.1(a)(3)(i)–(ii), 1205.1(a)(3)(i)–(ii) (2012).

However, this test requires some adaptation for labor certifications on account of the differences in the labor certification adjudication process. Labor certifications are different from visa petitions because when they are accepted by the DOL for processing, they are subject to further negotiation between the petitioning employer and the DOL as to the acceptable terms and conditions for employment. *See* 20 C.F.R. § 656.21(e), (f)(2). By necessity, the pertinent labor certification regulations provide a certain degree of flexibility for the employer and the DOL to modify the terms contained in the original filing in order to develop a labor certification that will ultimately be approved. Subject to some limitations, the employer is not required to start over with a new filing each time a term requires discussion and possible amendment during the process.

In light of the negotiated nature of the process, when the former INS consulted with the DOL regarding what type of labor certification might be

deemed "approvable when filed," the DOL indicated that the agency does not have the ability to state definitively whether a certification will be meritorious until its adjudication is complete. *See* Bach Memo II, *supra*, at 2 n.1. Therefore, the former INS adopted an approach that focused on whether a visa petition was "non-frivolous" and "properly filed" in presuming that most labor certifications meeting these requirements would also satisfy the "meritorious in fact" requirement for grandfathering purposes. *See id.*; *see also* Klasko Letter, *supra* ("In consultation with the [DOL] . . . the Service was assured that . . . [the DOL] considers every properly filed application for permanent labor certification to be approvable when filed . . . . Obviously, however, if the Service has evidence of a fraudulent or otherwise non-meritorious employment relationship, the standard would not be met.").

The inquiry into the merits of a labor certification must necessarily be more limited than that employed in the context of adjudicating a visa petition. However, in focusing on whether a labor certification is "properly filed" and "non-frivolous" when determining whether an alien is grandfathered, we do not mean to imply that the merits of the labor certification are irrelevant. For example, an employer who submits a labor certification that is "non-frivolous" and "properly filed" may nevertheless not share the requisite employment relationship with the employee to support the labor certification and, ultimately, the approval of a visa petition.[7] Under such circumstances, although a labor certification may be "properly filed" and "non-frivolous," the alien would not be grandfathered because the labor certification would not be "meritorious in fact."

We now adopt a definition of the phrase "meritorious in fact" in the labor certification context that is consistent with the definition developed by the former INS. This definition was formulated in consultation with the DOL and takes into account the negotiated nature of labor certification adjudications. Consequently, we conclude that a labor certification is "meritorious in fact" if it was "properly filed" and "non-frivolous," so long as a bona fide employer/employee relationship exists where the employer has the apparent ability to hire the sponsored alien and where there is no evidence that the labor certification is based on fraud. *See* Bach Memo II, *supra*, at 2; Klasko Letter, *supra*. In other words, a labor certification will be presumed to be "meritorious in fact" if it was "properly filed" and "non-frivolous," absent any apparent bars to its approval. Accordingly, a

---

[7] The First Circuit discussed an example of the lack of a qualifying employer/employee relationship in *Da Cunha v. Mukasey*, 304 F. App'x 892, 895 (1st Cir. 2008). The employer in that unpublished decision was inactive at the time the labor certification was filed. Since the inactive employer was not set up to employ anyone, it did not share a qualifying relationship with the proposed foreign national employee.

"properly filed" and "non-frivolous" labor certification will generally be "meritorious in fact" and thus, in turn, will also be "approvable when filed." As a result, if a qualifying labor certification was filed on or before April 30, 2001, it will serve to grandfather the alien for whom the certification was sought.

### D. Non-frivolous

Pursuant to the pertinent regulations, a labor certification or visa petition is "frivolous" if it is deemed to be "patently without substance." 8 C.F.R. §§ 245.10(a)(3), 1245.10(a)(3). In these proceedings, the Immigration Judge did not find that the labor certification was frivolous; nor did the DHS make such an assertion on appeal. Moreover, the respondent's employer filed a subsequent labor certification on his behalf for the same position, which was ultimately approved and forms the basis for the respondent's current approved EB-3 visa petition. Accordingly, the labor certification meets this requirement of the three-part test for establishing grandfathering.

### IV. CONCLUSION

In determining whether a labor certification is "approvable when filed," we consider the regulatory requirements that the application must be (1) "properly filed," (2) "meritorious in fact," and (3) "non-frivolous." 8 C.F.R. §§ 245.10(a)(1)–(3), 1245.10(a)(1)–(3). A "properly filed" labor certification is one that is submitted to and accepted for processing as a completed application by the correct local office on or before April 30, 2001. *See* 20 C.F.R. §§ 656.21(d), 656.30(b)(1). Date-stamping by the local office, which validates the labor certification as ready for adjudication, serves as evidence that the application was accepted for processing and was properly filed before the sunset date. A labor certification that is "properly filed" and "non-frivolous" will be presumed to be "meritorious in fact" if it presents no apparent bars to a favorable adjudication. *See* 20 C.F.R. § 656.21(e), (f)(2). A labor certification is "non-frivolous" so long as the filing is not deemed to be "patently without substance." *See* 8 C.F.R. §§ 245.10(a)(3), 1245.10(a)(3).

Applying this test to the respondent's case, we conclude that he is a grandfathered alien because the labor certification filed by his employer on his behalf on April 30, 2001, meets all of the regulatory requirements set forth at 8 C.F.R. §§ 245.10(a)(1)–(3) and 1245.10(a)(1)–(3). Specifically, the labor certification was accepted for processing on April 30, 2001, and it was therefore properly filed. Moreover, because it was properly filed and there is no record evidence indicating that the petition was frivolous or

otherwise lacked a qualifying employer-employee relationship, the labor certification is presumed to be "meritorious in fact." Since this presumption has not been rebutted, we conclude that the respondent is grandfathered by the labor certification for purposes of adjustment of status under section 245(i) of the Act. We will therefore remand the record for the Immigration Judge to consider whether the respondent is otherwise statutorily eligible for adjustment of status and whether he merits such relief in the exercise of discretion. Accordingly, the respondent's appeal will be sustained and the record will be remanded.

**ORDER:** The appeal is sustained.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.