**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 6 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SILVANO AVINA-SALAS, AKA Cilbano Abina Salas, AKA Silvano Avinasalas,<br><br>                    Petitioner,<br><br>    v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>                    Respondent. | No.    18-72021<br><br>Agency No. A206-402-068<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 9, 2020
Pasadena, California

Before:  BERZON and COLLINS, Circuit Judges, and KATZMANN,[**] Judge.

Petitioner Silvano Avina-Salas ("Salas") seeks review of the Board of

Immigration Appeals's ("BIA") decision to deny his motion to reopen based on his

eligibility for adjustment of status under the Immigration and Nationality Act

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Gary S. Katzmann, Judge for the United States Court
of International Trade, sitting by designation.

("INA") § 245(i), 8 U.S.C. § 1255(i). We grant his petition for review and remand for further proceedings.

1. The BIA legally erred in determining whether Salas was eligible as a derivative beneficiary for adjustment of status under INA § 245(i). The proper consideration under § 245(i) is whether the principal beneficiary was present in the United States on December 21, 2000. *See* 8 U.S.C. § 1255(i)(C); 8 C.F.R. § 1245.10(a)(1)(ii). If the principal beneficiary, here Salas's mother, was in the United States on the date in question, both the principal and derivative beneficiaries are eligible for relief under § 245(i). *Matter of Ilic*, 25 I. & N. Dec. 717, 720 (BIA 2012).

In support of his motion to reopen, Salas submitted a copy of his mother's utility bill with a due date of January 17, 2001, for service at a California address. The bill shows two previous payments, one received on December 3, 2000, and one received on December 22, 2000. We remand for the BIA to reconsider Salas's prima facie eligibility for adjustment of status in light of his mother's apparent presence in the United States on the requisite date.

2. The BIA abused its discretion in alternatively denying Salas's motion to reopen based on Salas's asserted failure to "fully address his criminal record." A motion to reopen must "state the new facts that will be proven at a hearing to be held if the motion is granted, and [must] be supported by affidavits or other

2

evidentiary material." 8 U.S.C. § 1229a(c)(7)(B) (2018). The BIA does "not require[] a conclusive showing that . . . eligibility for relief has been established" to grant a motion to reopen. *Tadevosyan v. Holder*, 743 F.3d 1250, 1255 (9th Cir. 2014) (citation and quotation marks omitted). Instead, a prima facie case for relief is sufficient to justify reopening. *Id*. As motions to reopen are decided without a factual hearing, the BIA must accept facts presented by the petitioner as true unless they are "inherently unbelievable." *Id.* at 1256.

The BIA's decision appears to fault Salas for not showing that he had never been convicted of a crime that would render him inadmissible. But Salas's statement that he has no inadmissible convictions, and the FBI RAP sheet showing arrests but not convictions, sufficiently indicate that he is admissible to make a prima facie case.[1] *See Tadevosyan*, 743 F.3d at 1256. The BIA did not ask Salas to provide any specific additional information, nor did its decision identify which elements of Salas's criminal history required further explanation. Our precedents do not support a requirement that more documentation is necessary on a motion to reopen where sufficient evidence has been submitted to establish a prima facie basis for relief. *See Zhao v. Holder*, 728 F.3d 1144, 1147–49 (9th Cir. 2013)

---

[1] The Government noted at oral argument that in some circumstances it is the conduct, not necessarily the fact of a conviction itself, that is relevant in the immigration context for controlled substance-related offenses. That point was not mentioned in the BIA decision or in the briefs, so we do not address it here.

(holding that the BIA abused its discretion in denying a motion to reopen because it applied an incorrect evidentiary standard when it required additional specific documentation from petitioner); *Singh v. I.N.S.*, 213 F.3d 1050, 1052–54 (9th Cir. 2000) (holding that the BIA abused its discretion in denying a motion to reopen because the BIA did not give petitioner notice that specific evidence was required, and the evidence petitioner provided supported a motion to reopen).

As the BIA's denial of the motion to reopen was both legally erroneous and an abuse of discretion, we grant the petition.

The petition for review is **GRANTED**, and the case is **REMANDED** to the BIA for further proceedings.