## In re Luis Samuel JARA RIERO, Respondent
## In re Paul Andres JARA ESPINOL, Respondent

File A78 391 417 - Hartford
File A78 391 418

*Decided August 15, 2007*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An alien seeking to establish eligibility for adjustment of status under section 245(i) of the Immigration and Nationality Act, 8 U.S.C. § 1255(i) (2000), on the basis of a marriage-based visa petition must prove that the marriage was bona fide at its inception in order to show that the visa petition was "meritorious in fact" pursuant to 8 C.F.R. § 1245.10(a)(3) (2007).

FOR RESPONDENT: Joseph M. Tapper, Esquire, Bloomfield, Connecticut

BEFORE: Board Panel: COLE, FILPPU, and PAULEY, Board Members.

PAULEY, Board Member:

In a decision dated October 21, 2005, an Immigration Judge found the respondents ineligible for adjustment of status under section 245(i) of the Immigration and Nationality Act, 8 U.S.C. § 1255(i) (2000). The respondents have timely appealed that decision. The respondents' request for oral argument is denied under 8 C.F.R. § 1003.1(e)(7) (2007). The appeal will be dismissed.

The respondents, who are natives and citizens of Ecuador, are a father and son. They are the beneficiaries of a pending visa petition filed by Karina Gause, their wife and mother, respectively. For purposes of this decision, the father will be referred to as the lead respondent. The respondents assert that they are eligible for adjustment of status under section 245(i) of the Act because the lead respondent was previously the beneficiary of a visa petition filed by his former wife on April 30, 2001. His first wife's visa petition was denied.

At issue in this case is whether the lead respondent's first wife's visa petition meets the grandfathering requirements under 8 C.F.R. § 1245.10 (2007). Pursuant to 8 C.F.R. § 1245.10(i), the denial of a qualifying immigrant visa petition that was properly filed on or before April 30, 2001, and that was "approvable when filed," will not preclude its grandfathered alien beneficiary from seeking adjustment of status under section 245(i) of the Act on the basis

of another approved visa petition. The respondents contend that the Immigration Judge erred in finding that the visa petition filed by the lead respondent's first wife was not "approvable when filed" within the meaning of 8 C.F.R. § 1245.10(a)(3).

The term "approvable when filed" is defined in the regulations as follows:

> Approvable when filed means that, as of the date of the filing of the qualifying immigrant visa petition under section 204 of the Act or qualifying application for labor certification, the qualifying petition or application was properly filed, *meritorious in fact*, and non-frivolous ("frivolous" being defined herein as patently without substance). *This determination will be made based on the circumstances that existed at the time the qualifying petition or application was filed.* A visa petition that was properly filed on or before April 30, 2001, and was approvable when filed, but was later withdrawn, denied, or revoked due to circumstances that have arisen after the time of filing, will preserve the alien beneficiary's grandfathered status if the alien is otherwise eligible to file an application for adjustment of status under section 245(i) of the Act.

8 C.F.R. § 1245.10(a)(3) (emphasis added).[1] In order for a visa petition to be "approvable when filed," therefore, the visa petition must have been (1) properly filed, (2) meritorious in fact, and (3) not frivolous. Inasmuch as the record indicates that the visa petition was properly filed and there is no evidence that it was patently without substance, the dispositive issue in this case is whether the visa petition was "meritorious in fact."

There is little case law construing the terms "approvable when filed" or "meritorious in fact." However, as a matter of first impression, we agree with the United States Court of Appeals for the First Circuit that in order for a visa petition to be "approvable when filed" in this context, there must be a showing that the marriage on which it is based was bona fide. *See Lasprilla v. Ashcroft*, 365 F.3d 98 (1st Cir. 2004). It is not enough to show merely that a marriage existed. Furthermore, in order to be "meritorious in fact," the visa petition must be based on a genuine marriage in which the parties intended to share a life as husband and wife, not a marriage of convenience designed solely to confer an immigration benefit on one of the parties. This is confirmed by the explanation of the "approvable when filed" standard in the Federal Register, which provides as an example that a visa petition is not approvable when filed if it "is fraudulent or if the named beneficiary did not have, at the time of filing, the appropriate family relationship or employment

---

[1] We note that the situation presented in this case does not fall within the parameters of the last sentence of 8 C.F.R. § 1245.10(a)(3). That sentence addresses changes in circumstances arising after the filing of an initially approvable visa petition that cause the petition to be withdrawn, denied, or revoked. The lead respondent has not demonstrated that his petition meets the "changed circumstances" exception. *See* 8 C.F.R. § 1245.10(a)(4).

relationship that would support the issuance of an immigrant visa." Adjustment of Status To That Person Admitted for Permanent Residence; Temporary Removal of Certain Restrictions of Eligibility, 66 Fed. Reg. 16,383, 16,385 (Mar. 26, 2001) (Supplementary Information). In the marriage context, a "fraudulent" visa petition would include one where the marriage was not entered into in good faith.

The burden of establishing that the visa petition filed by the lead respondent's first wife was meritorious in fact rests on the lead respondent. *See* 8 C.F.R. § 1240.8(d) (2007). He must show that the marriage was bona fide at its inception. Evidence to establish that the marriage was not entered into for the purpose of evading the immigration laws may take many forms, including, but not limited to, "proof that the beneficiary [of the visa petition] has been listed as the petitioner's spouse on insurance policies, property leases, income tax forms, or bank accounts, and testimony or other evidence regarding courtship, wedding ceremony, shared residence, and experiences." *Matter of Laureano*, 19 I&N Dec. 1, 3 (BIA 1983); *see also Matter of Phillis*, 15 I&N Dec. 385 (BIA 1975).

In the instant case, the district director denied the visa petition filed by the lead respondent's first wife. The denial of the visa petition, although significant, is not determinative of whether the visa petition was meritorious in fact. Nevertheless, as stated above, the lead respondent bears the burden of establishing that the marriage was meritorious in fact. We find that he failed to do so.

The Immigration Judge took testimony from the respondents and Karina Gause at the hearing. We approve of this action by the Immigration Judge and find the taking of such testimony to be helpful in our decision making. According to this testimony and the documents submitted, the following evidence was presented. The lead respondent had a relationship in Ecuador with Karina Gause, who gave birth to their son in April 1993. The lead respondent entered the United States without inspection in November 1992, and Karina Gause entered shortly after the birth in 1993, but without the child. The lead respondent and Karina Gause both settled in East Haven, Connecticut. The child respondent entered the United States with false documents in 1998. In 1997, Karina Gause married a United States citizen, who filed a visa petition on her behalf, which was approved. Karina Gause was naturalized on April 12, 2002. On February 26, 2001, the lead respondent married his first wife, who filed a visa petition on his behalf on April 30, 2001. The lead respondent and his first wife were interviewed by the Department of Homeland Security ("DHS") on March 25, 2003, and were divorced on July 22, 2003. Karina Gause testified that she lived in the same building as the respondents and the lead respondent's first wife, but she was on a different floor. The lead respondent married Karina Gause on February 26, 2005.

The Notice of Intent to Deny that formed the basis for the district director's denial of the visa petition indicates that the answers the lead respondent and his first wife provided at the interview "were so diverse as to cast significant doubt as to the bona fides of [their] marriage." Even considering the respondents' arguments regarding the record of the interview and several of the answers cited in the Notice of Intent to Deny, we find that numerous significant discrepancies remain unexplained. For example, the lead respondent failed to explain why he and his first wife gave significantly different responses when asked where they went after their wedding ceremony. According to the memorandum record of the interview, the lead respondent's first wife told immigration officials that she and the lead respondent went out to eat at Pepe's in New Haven and went from Worchester, Massachusetts, to New York, where they stayed at the Ritz. However, the lead respondent indicated that they went to a motel with friends in Branford. They also provided different responses regarding when and where the lead respondent attended a place of worship. The first wife indicated that the lead respondent did not attend a place of worship on a regular basis, whereas the lead respondent testified that he attended a Catholic Church in New Haven about once a month with his son. The lead respondent and his first wife also gave different answers regarding the number of windows in their bedroom. We note that no response to the Notice of Intent to Deny was filed with the DHS, and no appeal of the district director's decision was filed with the Board.

Aside from the testimony of the respondents that the lead respondent and his first wife lived together, no evidence has been presented to show that the marriage was bona fide at its inception. The lead respondent could have attempted to procure evidence of the bona fides of his first marriage, such as financial records or affidavits from neighbors. In light of the lack of any such evidence, we find that the lead respondent has not met his burden of establishing that the visa petition filed by his first wife was "meritorious in fact" and, consequently, that it was "approvable when filed." *See* 8 C.F.R. §§ 1240.8(d), 1245.10(a)(3).

We concur with the Immigration Judge's conclusion that the visa petition filed by the lead respondent's first wife does not meet the requirements for grandfathering under 8 C.F.R. § 1245.10(i). We therefore agree that the respondents are ineligible for adjustment of status under section 245(i) of the Act. Accordingly, the appeal will be dismissed.

**ORDER:** The respondents' appeal is dismissed.

**FURTHER ORDER**: Pursuant to the Immigration Judge's order and conditioned upon compliance with conditions set forth by the Immigration Judge and the statute, the respondents are permitted to voluntarily depart from the United States, without expense to the Government, within 60 days from the date of this order or any extension beyond that time as may be granted by the

Department of Homeland Security.  *See* section 240B(b) of the Act, 8 U.S.C. § 1229c(b) (2000); 8 C.F.R. §§ 1240.26(c), (f) (2007).  In the event the respondents fail to so depart, the respondents shall be removed as provided in the Immigration Judge's order.

**NOTICE:**  If the respondents fail to depart the United States within the time period specified, or any extensions granted by the DHS, the respondents shall be subject to a civil penalty of not less than $1,000 and not more than $5,000, and shall be ineligible for a period of 10 years for any further relief under section 240B and sections 240A, 245, 248, and 249 of the Act, 8 U.S.C. §§ 1229b, 1255, 1258, and 1259 (2000).  *See* section 240B(d) of the Act.