### Isabel MONTOYA (Astudillo–Arias),* Petitioner,

### v.

* We direct the Clerk of Court to amend the official caption as noted above.

Michael B. MUKASEY,** Respondent.

No. 07–1698–ag.

United States Court of Appeals,
Second Circuit.

March 20, 2008.

Isabel Astudillo Arias, pro se.

Jamie M. Dowd (Peter D. Keisler, Assistant Attorney General, Michelle Gordon Latour, Assistant Director, on the brief), U.S. Department of Justice, Washington, D.C., for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. SONIA SOTOMAYOR and Hon. REENA RAGGI, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Isabel Astudillo–Arias petitions for review of a final order of the Board of Immigration Appeals ("BIA") affirming (without opinion) the decision of Immigration Judge ("IJ") William Jankun, which denied Petitioner's application for an adjustment of status pursuant to INA § 245(i) (codified at 8 U.S.C. § 1255(i)). *In re Astudillo–Arias,* No. A74 383 643 (B.I.A. Mar. 12, 2007), *aff'g* No. A74 383 643 (Immig. Ct. N.Y. City Sept. 7, 2005).

While we lack jurisdiction to review the IJ's discretionary denial of an adjustment of status, 8 U.S.C. § 1252(a)(2)(B), we retain jurisdiction to review an IJ's determination of a petitioner's eligibility for an adjustment of status, a determination which is non-discretionary. *Rodriguez v. Gonzales,* 451 F.3d 60, 62 (2d Cir.2006) (per curiam).

Where, as here, the BIA affirmed summarily the IJ's decision and adopted its reasoning, we review the IJ's decision directly. *Secaida–Rosales v. I.N.S.,* 331 F.3d 297, 305 (2d Cir.2003). We review

---

** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

the IJ's factual findings underlying that decision for substantial evidence, and treat them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. Petitioner, who entered the United States without inspection, applied for an adjustment of status as a "grandfathered" alien based on the Form I–130 visa petition that her ex-husband, Antonio Rosario, filed on her behalf in May 1997. *See* 8 U.S.C. § 1255(i)(1)(B)(i); 8 C.F.R. § 1245.10(a)(1)(i)(A). During the lengthy pendency of Petitioner's deportation proceedings, Petitioner married Rosario, received INS approval of Rosario's visa, divorced Rosario, and married her current husband, Domingo Montoya. Petitioner argues chiefly that IJ Jankun erred in determining that she was ineligible for an adjustment of status because Rosario's visa petition was not "approvable when filed," *see* 8 C.F.R. § 1245.10(a)(1)(i)(A), even though it was ultimately approved by the INS.

An alien is "grandfathered," and therefore eligible to adjust status, if she is the beneficiary of a visa petition filed on or before April 30, 2001 that was "approvable when filed." *Id.* Agency regulations define "approvable as filed" as (1) properly filed, (2) meritorious in fact, and (3) non-frivolous. *Id.* at § 1245.10(a)(3). The determination of whether a visa petition fits this definition "will be made based on the circumstances that existed at the time the qualifying petition or application was filed." *Id.*

The INA generally precludes an adjustment of status predicated on a visa petition that is based on a marriage entered during the pendency of deportation proceedings; however, the alien may be eligible for an adjustment if she "establishes by clear and convincing evidence to the satisfaction of the Attorney General that the marriage was entered into in good faith . . . and the marriage was not entered into for the purpose of procuring the alien's admission as an immigrant." 8 U.S.C. § 1255(e)(3).

IJ Jankun concluded that the visa petition was not "approvable when filed" because Petitioner "failed to demonstrate that her marriage to Rosario was bona fide" in May 1997, when Rosario filed the petition. The IJ's decision was grounded on Petitioner's testimony that "she realized, as early as April 1997, that her marriage to Antonio Rosario would not last," and that "from that point on, they lived together, not as a married couple, but under an 'agreement' that she would do the household chores for him if he would help her get a 'green card.'" Around that same time, Petitioner began a relationship with Domingo Montoya; together they had two children (both of whom took Montoya's name) while Petitioner was still ostensibly married to Rosario.

After IJ Jankun denied Petitioner's application, the BIA issued a precedential opinion construing the terms "approvable when filed" and "meritorious in fact" in the context of an application for adjustment of status based on a marriage entered into while deportation proceedings were pending. The BIA explained:

> [I]n order to be "meritorious in fact," the visa petition must be based on a genuine marriage in which the parties intended to share a life as husband and wife, not a marriage of convenience designed solely to confer an immigration benefit on one of the parties. . . . In the marriage context, a "fraudulent" visa petition would include one where the marriage was not entered into in good faith. . . .

[The alien] must show that the marriage was bona fide at its inception. Evidence to establish that the marriage was not entered into for the purpose of evading the immigration laws may take many forms, including, but not limited to, "proof that the beneficiary ... has been listed as the petitioner's spouse on insurance policies, property leases, income tax forms, or bank accounts, and testimony or other evidence regarding courtship, wedding ceremony, shared residence, and experiences." *Matter of Laureano*, 19 I. & N. Dec. 1, 3 (B.I.A. 1983); *see also Matter of Phillis*, 15 I. & N. Dec. 385 (B.I.A.1975).

*In re Riero*, 24 I. & N. Dec. 267, 268–69 (Aug. 15, 2007).

As a general matter, "a court reviewing an agency decision following an intervening change of policy by the agency should remand to permit the agency to decide in the first instance whether giving the change retrospective effect will best effectuate the policies underlying the agency's governing act." *NLRB v. Food Store Employees Union*, 417 U.S. 1, 10 n. 10, 94 S.Ct. 2074, 40 L.Ed.2d 612 (1974). In *Xiu Fen Xia v. Mukasey*, 510 F.3d 162 (2d Cir.2007), however, we held that notwithstanding an intervening BIA decision, there is no need to remand where: "[i] the BIA's decision is supported by substantial evidence; [ii] no valid challenge is raised against *Chevron* deference; [iii] the intervening decision supports and validates the reasoning of the decision under review; and [iv] the intervening decision does not amount to a pivot in agency policy." *Id.* at 168.

Remand is the appropriate course here, *see Food Store Employees Union*, 417 U.S.

at 10 n. 10, 94 S.Ct. 2074, because we cannot ascertain whether *In re Riero* "supports and validates the reasoning of the decision under review" and/or "amount[s] to a pivot in agency policy." *See Xiu Fen Xia*, 510 F.3d at 168. We understand *In re Riero* as requiring a petitioner to demonstrate that a marriage was bona fide at its inception,[1] but read the BIA's unpublished decision at issue before us as requiring Petitioner to demonstrate that her marriage was bona fide at the time Rosario's visa petition was filed. Moreover, there is somewhat conflicting evidence in the record concerning whether the marriage was bona fide at inception. On one hand, Petitioner declined Rosario's initial marriage proposal, and agreed to marry him only after she was later apprehended by immigration officials. On the other hand, however, Rosario's visa petition based on his marriage to Petitioner was approved by the agency, and Petitioner claimed to live with and share a bank account with Rosario following their marriage. *See In re Riero*, 24 I. & N. Dec. at 269. Accordingly, a remand is necessary to allow the agency to reevaluate Petitioner's claim against the standard announced in *In re Riero*.

For the reasons set forth above, the petition for review is **GRANTED**, the decision of the BIA is **VACATED**, and the case **REMANDED** for further proceedings consistent with this order. Petitioner's pending motion for a stay of removal is **DISMISSED** as moot.

---

1. Of course, if our understanding of *In re Riero* is mistaken, the agency can explain why on remand. Moreover, we express no opinion on whether *In re Riero*—as we currently understand it—is entitled to *Chevron* or *Auer*

deference, *cf. Edwards v. INS*, 393 F.3d 299, 308 n. 11 (2d Cir.2004), but note that 8 C.F.R. § 1245.10(a)(1)(i)(A) speaks to whether the visa petition was "approvable when filed."