**Igor MITROKHIN, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General,\* Respondent.**

Nos. 08–3300–ag (L), 08–4441–ag (Con).

United States Court of Appeals, Second Circuit.

April 15, 2009.

Alexander J. Segal, The Law Offices of Grinberg & Segal, P.L.L.C., New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; Barry J. Pettinato, Assistant Director; Carmel A. Morgan, Trial Attorney, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSEPH M. McLAUGHLIN, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Igor Mitrokhin, a native and citizen of Uzbekistan, seeks review of the June 6, 2008 and August 19, 2008 orders of the BIA denying, respectively, his motion to reopen and remand and his motion to reconsider. *In re Igor Mitrokhin,* No. A98 772 009 (B.I.A. Jun. 6, 2008); *In re Igor Mitrokhin,* No. A98 772 009 (B.I.A. Aug. 19, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of motions to reopen, remand, or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006); *Li Yong Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 156 (2d Cir.2005). We find that the BIA did not abuse its discretion in denying Mitrokhin's motions.

### I. Motion to Reopen and Remand

In *Matter of Velarde–Pacheco,* the BIA held that a motion to reopen (or remand) for adjustment of status based on a marriage entered into after the commence-

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

ment of proceedings may be granted in the exercise of its discretion where, *inter alia,* clear and convincing evidence is presented indicating a strong likelihood that the marriage is *bona fide. See* 23 I. & N. Dec. 253, 256 (BIA 2002) (en banc).

In denying Mitrokhin's motion to reopen and remand for consideration of his application for adjustment of status, the BIA found that he had failed to meet the "minimal requirements" set forth in *Matter of Velarde–Pacheco* to demonstrate that his marriage is bona fide. In so finding, the BIA noted the absence of evidence that the couple was "living together and have a joint lease on their apartment, evidence of shared property, joint bank accounts, joint credit card accounts, or joint income tax returns."

The BIA has stated that evidence establishing that a marriage was not entered into for the purpose of evading the immigration laws may include "proof that the beneficiary of the visa petition has been listed as the petitioner's spouse on insurance policies, property leases, income tax forms, or bank accounts, and testimony or other evidence regarding courtship, wedding ceremony, shared residence, and experiences." *Matter of Riero,* 24 I. & N. Dec. 267, 269 (B.I.A.2007) (internal quotation marks and alterations omitted); *see* 8 C.F.R. § 204.2(a)(1)(iii)(B). Here, the affidavits Mitrokhin provided in support of his motion made uncorroborated claims of cohabitation and commingling of finances, and failed to provide any details about the life Mitrokhin and his wife allegedly led together. Ultimately, we find no error in the BIA's conclusion that Mitrokhin had not provided clear and convincing evidence that his marriage was not bona fide. Accordingly, the BIA did not abuse its discretion in denying Mitrokhin's motion to reopen and remand. *See Ke Zhen Zhao v.*

*U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001).

## II.  Motion to Reconsider

In denying Mitrokhin's motion to reconsider its denial of his first motion, the BIA found that he had not specified any error of fact or law as required by 8 C.F.R. § 1003.2(b)(1). We agree. Indeed, for the same reasons that we find no abuse of discretion in the BIA's denial of Mitrokhin's motion to reopen and remand, we find no error in the BIA's refusal to reconsider that decision.

There is no merit in Mitrokhin's argument that the BIA considered the Department of Homeland Security's ("DHS") objection to his motion dispositive. To the contrary, the BIA denied the motion to reopen and remand "based on the merits of the DHS's objection, [and] provide[d] adequate reasoning as to why the objection call[ed] for denial of the motion to reopen in the exercise of discretion." *See Melnitsenko v. Mukasey,* 517 F.3d 42, 52 (2d Cir.2008)

For the foregoing reasons, the consolidated petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).