SUMMARY ORDER

Petitioner Jian Guo Li, a native and citizen of the People’s Republic of China, seeks review of the November 28, 2007 order of the BIA: (1) summarily dismissing her appeal from the April 19, 2006 decision of Immigration Judge (“IJ”) Noel A. Ferris denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”); and (2) denying her motion to remand. In re Jian Guo Li, No. A97 657 175 (BIA Nov. 28, 2007), aff'g No. A97 657 175 (Immig. Ct. N.Y. City Apr. 19, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
I. SUMMARY DISMISSAL OF LI’S APPEAL
Li argues that the IJ erred in denying her application for withholding of removal. She fails to acknowledge, however, that the BIA did not examine the merits of her withholding claim, but summarily dismissed her appeal pursuant to 8 C.F.R. § 1003.1(d) (2) (i) (A) (providing that the BIA may summarily dismiss any appeal in which the appellant “fails to specify the reasons for the appeal”). Because Li failed to challenge the denial of withholding of removal in her appeal to the BIA, as a statutory matter, we are without jurisdiction to consider her challenges to the denial of that claim. See Karaj v. Gonzales, 462 F.3d 113, 119 (2d Cir.2006); 8 U.S.C. § 1252(d)(1). Therefore, we dismiss her petition for review in part.
II. MOTION TO REMAND
We review the BIA’s denial of a motion to remand for abuse of discretion. See Li Yang Cao v. U.S. Dep’t of Justice, 421 F.3d 149, 157 (2d Cir.2005). In Matter of Velarde-Pacheco, the BIA held that a motion to reopen (or remand) for adjustment of status based on a marriage entered into after the commencement of proceedings may be granted in the exercise of its discretion, notwithstanding the pen-dency of a visa petition filed on the alien’s behalf, where, inter alia, clear and convincing evidence is presented indicating a strong likelihood that the marriage is bona fide. See 23 I. & N. Dec. 253, 256 (BIA 2002) (en banc).
The BIA denied Li’s motion to remand because she failed to establish that her new marriage is bona fide where she provided no proof that she had divorced her first husband, and had indicated on her 2006 tax return that her marital status was “single,” despite being married at the time. Li does not specifically contest these findings, but instead argues that the BIA failed to properly apply the “clear and convincing evidence” standard. Because the BIA explicitly employed the clear and convincing evidence standard, and since Li points to no evidence suggesting that this *84 standard was misapplied, her failure to challenge the aforementioned findings is sufficient to deny her petition for review. Cf. Nwogu v. Gonzales, 491 F.3d 80, 84 (2d Cir.2007) (denying petition where applicant failed to raise “any of the issues relevant” to BIA’s denial of his motion to reopen).
In any event, the BIA did not abuse its discretion in denying Li’s motion. Significantly, as Li failed to offer proof of a divorce from first husband, she has not shown that she is legally married. See 8 U.S.C. § 1255(e)(3) (providing that, to be eligible for adjustment of status, the alien must establish “that the marriage was entered into in ... accordance with the laws of the place where the marriage took place”). Moreover, the only evidence of a shared life between Li and her second husband was his seven-sentence-long affidavit, one statement from a joint bank account, and two photos. This evidence falls far short of the required evidence of a bona fide marriage as set forth by the regulations. See 8 C.F.R. § 204.2(a)(1)(iii)(B); see also Matter of Riero, 24 I. & N. Dec. 267, 269 (BIA 2007). In light of the foregoing, the BIA reasonably found that Li had not demonstrated prima facie eligibility for adjustment of status based on her marriage to her second husband, and did not abuse its discretion by denying her motion accordingly.[1] See INS v. Abudu, 485 U.S. 94, 104-05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).
III. CONCLUSION
For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. It is unnecessary to examine the propriety of the BIA’s consideration of the IJ's adverse credibility findings when there were adequate alternative bases supporting its denial of Li’s motion to remand. In addition, we find no merit in Li’s argument that the BIA engaged in improper fact-finding when 8 C.F.R. § 1003.1 (d)(3)(iv) applies to "appeals,” not motions to remand.