HULL, Circuit Judge,
Concurring:
I concur in the majority opinion in full, but add another reason why Makhloufs petition as to his application for adjustment of status must be dismissed for failure to exhaust.
Makhloufs claim to this Court — that the regulations in 8 C.F.R. § 1245.10(a) exceed the statutory requirement of being a “beneficiary” of a visa petition “filed” on or before April 30, 2001 in 8 U.S.C. § 1255(i) — encompasses a threshold issue that Makhlouf also failed to raise before the IJ and BIA, even though the BIA would' have had authority to consider this issue and grant relief if Makhlouf had prevailed on the issue.
The § 1245.10(a) regulation defines “ap-provable when filed” to mean that “the qualifying petition ... was properly filed, meritorious in fact, and non-frivolous.” 8 C.F.R. § 1245.10(a)(3). In In re Riero, 24 I. & N. Dec. 267 (2007), the BIA interpreted “meritorious in fact” in the regulation to go beyond an actual marriage and require proving a “bona fide” marriage, explaining:
as a matter of first impression ... in order for a visa petition to be ‘approva-ble when filed’ ... there must be a *849 showing that the marriage on which it is based was bona fide. It is not enough to show merely that a marriage existed. Furthermore, in order to be ‘meritorious in fact, ’ the visa petition must be based on a genuine marriage in which the parties intended to share a life as husband and wife, not a marriage of convenience designed solely to confer an immigration benefit on one of the parties.
24 I. & N. Dec. at 268 (emphasis added) (citation omitted).
Makhlouf need not have waited to petition this Court to claim that § 1255(i) and the regulation did not require Makhlouf to prove that his marriage to his first wife, Tower, was “bona fide.” Makhlouf need only have urged the BIA to reconsider its interpretation of “meritorious in fact” and “approvable when filed” from Riero to mean a legal marriage, as opposed to an genuine or bona fide marriage. See Sundar v. INS, 328 F.3d 1320, 1325 (11th Cir.2003) (“It was within the BIA’s authority to reconsider and change its decision in In re Yeung, [ 21 I. & N. Dec. 610 (BIA 1996) ] and in order to exhaust his administrative remedies Sundar should have asked it to do so.”); cf. Linares Huarcaya v. Mukasey, 550 F.3d 224, 228 (2d Cir.2008) (“By focusing exclusively on the BIA’s reading of ‘meritorious in fact’ and ‘non-frivolous’ in 8 C.F.R. § 1245.10(a)(3), Huarcaya is challenging the BIA’s interpretation of its own regulations, not the agency’s interpretation of the statute.”). Makhlouf could have argued that the regulation’s “approvable when filed” and “meritorious in fact” standards necessarily required the IJ to find an alien “grandfathered” so long as he was actually or legally viarried, to the visa petitioner at the time the qualifying visa petition was filed (as opposed to the BIA’s interpretation that Makhlouf must prove a genuine or bona fide marriage). Such a challenge would have avoided a court’s “premature interference with administrative processes and ... allowfed] the agency to consider the relevant issues.” Amaya-Artunduaga v. U.S. Att’y Gen., 463 F.3d 1247, 1250 (11th Cir.2006).
Finally, while Makhlouf claims that the word “filed” in § 1255(i) forecloses the “approvable when filed” standard in the regulation, the counterargument is that the relevant textual question is not only what it means for a visa petition to be “filed,” but also whether, under the statute, Mahlouf was a “beneficiary” of his first wife’s 2001 visa petition even though that petition was based on a marriage that was not bona fide. INA § 245(i)(l)(B), 8 U.S.C. § 1255(i)(l)(B). We need not, and do not, reach this or any other statutory question here.