11-5159-ag
Sanchez v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of September, two thousand twelve.

PRESENT: CHESTER J. STRAUB,
ROBERT D. SACK,
DENNY CHIN,
Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -x

MARIA ELENA VELAZCO SANCHEZ, A.K.A.
CORDERO,
        Petitioner,

        -v.-                                11-5159-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        Respondent.

- - - - - - - - - - - - - - - - - - - - -x

FOR PETITIONER:        Glenn L. Formica, Elyssa N. Williams,
                       Formica, P.C., New Haven, CT.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Keith I. McManus,
                       Senior Litigation Counsel; Brendan P.
                       Hogan, Lisa M. Arnold, Attorneys, Office
                       of Immigration Litigation, United States
                       Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Maria Elena Velazco Sanchez, a native and citizen of Peru, seeks review of a November 16, 2011 decision of the BIA affirming the December 8, 2009 decision of Immigration Judge ("IJ") Michael W. Straus, denying her application for adjustment of status. In re Maria Elena Velazco Sanchez, No. A078 391 209 (B.I.A. Nov. 16, 2011), aff'g No. A078 391 209 (Immig. Ct. Hartford Dec. 8, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case. Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005).

An alien who entered the United States without inspection may be eligible to adjust status under 8 U.S.C. § 1255(i) if she is the beneficiary of an approved visa petition filed on or before April 30, 2001. 8 U.S.C. § 1255(i). Where a visa petition was filed prior to April 30, 2001, but not adjudicated by that date, the alien on whose behalf the petition was filed may be eligible to "grandfather" the petition if it was

"approvable when filed." 8 C.F.R. § 1245.10(a)(1)(A). A visa petition is approvable when filed if it was properly filed, meritorious in fact, and non-frivolous. Id. § 1245.10(a)(3). A petition is "meritorious in fact" only if there is "a showing that the marriage on which it is based was bona fide." In re Riero, 24 I. & N. Dec. 267, 268 (B.I.A. 2007); accord Linares Huarcaya v. Mukasey, 550 F.3d 224, 227-31 (2d Cir. 2008). To establish a bona fide marriage, a petitioner must show that she had "a genuine marriage in which the parties intended to share a life as husband and wife," not merely "a marriage of convenience designed solely to confer an immigration benefit on one of the parties." Riero, 24 I. & N. at 268.

Prior to entering the United States, Sanchez married Cesar Rafael, with whom she had three children. She subsequently divorced Rafael in Peru. After entering the United States, she married Alberto Cordero, a U.S. citizen, on April 24, 2001. Two days later, on April 26, 2001, Cordero filed the petition at issue in this case on Sanchez's behalf. After the petition was denied on February 13, 2002, Sanchez divorced Cordero and remarried Rafael, who resided in the United States and had acquired lawful permanent resident status.

As Cordero filed a visa petition on Sanchez's behalf prior to April 30, 2001, and the petition remained unadjudicated as of that date, the question is whether the petition was "approvable when filed." The IJ reasonably found that the petition was not meritorious in fact and thus not approvable when filed because Sanchez omitted material information -- in particular, that she had previously been married to Rafael and had three children with him -- and failed to demonstrate that the petition was based on a bona fide marriage. Sanchez argues that the IJ mischaracterized the omissions in the petition as "misrepresentations" because she had been unable to review the petition, which was prepared by a third party, due to her lack of fluency in English. The IJ, however, reasonably rejected her explanations because both she and Cordero signed the petition, attesting that the information contained therein was true and correct. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir. 2005) (noting that IJ need not credit applicant's explanations for inconsistent testimony unless those explanations would compel reasonable fact-finder to do so).

Furthermore, although Sanchez argues that the IJ imposed an overly stringent burden of proof, she had the burden of demonstrating that her marriage was bona fide, see Aslam v.

-4-

Mukasey, 537 F.3d 110, 115-16 (2d Cir. 2008), and the IJ applied the appropriate standard, requiring evidence beyond that which would simply demonstrate that a marriage existed, including "insurance policies, property leases, income tax forms, or bank accounts, and testimony or other evidence regarding courtship, wedding ceremony, shared residence, and experiences." Riero, 24 I. & N. Dec. at 269 (internal quotation marks omitted). The IJ also reasonably found that the evidence Sanchez provided to demonstrate that her marriage to Cordero was bona fide, including her testimony, the testimony of a friend, and a signed check from a joint checking account with Cordero, was insufficient, particularly in light of inconsistencies between her testimony and her supporting documentation as to when and where she and Cordero resided together. See id. at 269-70 (finding that alien could not establish that marriage to ex-wife was bona fide based solely on his and his ex-wife's contradictory testimony).

Because the IJ's findings that the petition omitted material information and that Sanchez failed to establish a bona fide marriage to Cordero are supported by substantial evidence, we conclude that the IJ did not err in denying her application for adjustment of status. See 8 C.F.R. § 1245.10(a)(3); Riero, 24 I. & N. Dec. at 268-70.

-5-

For the foregoing reasons, the petition for review is **DENIED**. As we have completed our review, the pending motion for a stay of removal is **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk