Orellana v. Holder

BIA
Straus, IJ
A074 916 212
A094 892 836

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand fourteen.

PRESENT: DENNIS JACOBS,
         CHESTER J. STRAUB,
         SUSAN L. CARNEY,
              *Circuit Judges*.

────────────────────────────────

HECTOR LEONARDO MOROCHO ORELLANA,
ANGELICA GUTIERREZ MORALES,

         Petitioners,

              v.                              13-1885

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

         Respondent.

────────────────────────────────

FOR PETITIONERS:      GLENN LOUIS FORMICA (Elyssa Nicole
                      Williams, on the brief), Formica
                      Williams, P.C., New Haven, CT.

FOR RESPONDENT:       JESSICA EDEN SHERMAN, Office of
                      Immigration Litigation, Civil
                      Division (Song E. Park, Senior
                      Litigation Counsel, Office of
                      Immigration Litigation, Civil

Division; Stuart F. Delery, Assistant Attorney General, Civil Division; Keith I. McManus, Senior Litigation Counsel, on the brief), United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hector Leonardo Morocho Orellana, a native and citizen of Ecuador, seeks review of an April 15, 2013 order of the BIA, affirming the April 19, 2011 decision of Immigration Judge ("IJ") Michael W. Straus, which ordered him removed. See In re Hector Leonardo Morocho Orellana, No. A074 916 212 (B.I.A. Apr. 15, 2013), aff'g No. A074 916 212 (Immig. Ct. Hartford Apr. 19, 2011); In re Angelica Gutierrez Morales, No. A094 892 836 (B.I.A. Apr. 15, 2013), aff'g No. A094 892 836 (Immig. Ct. Hartford Apr. 19, 2011). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review the IJ's decision as supplemented by the BIA. See Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005). Although we lack jurisdiction to review the discretionary denial of an adjustment application, see 8 U.S.C. § 1252(a)(2)(B)(i), we can review a denial based solely on the alien's statutory ineligibility to adjust status, see id. § 1252(a)(2)(D) (permitting review of constitutional claims and questions of law); Sepulveda v. Gonzales, 407 F.3d 59, 62-63 (2d Cir. 2005) (an alien's statutory eligibility for relief is reviewable). Findings of fact that are made in connection with statutory eligibility determinations are reviewed for substantial evidence. See 8 U.S.C. § 1252(b)(4)(B); Sumbundu v. Holder, 602 F.3d 47, 52 (2d Cir. 2010) (noting that Sepulveda established that a non-discretionary decision made in connection with an eligibility determination may be reviewed for substantial evidence).

An alien who entered the United States without

inspection, such as Orellana, is ineligible for an adjustment of status to lawful permanent resident unless he is the beneficiary of a visa petition filed on or before April 30, 2001 that was "approvable when filed." 8 U.S.C. § 1255(i); 8 C.F.R. § 1245.10(a)(1). The regulations on such grandfathering define "approvable when filed" as "properly filed, meritorious in fact, and non-frivolous." 8 C.F.R. § 1245.10(a)(3). A marriage-based visa petition is "meritorious in fact" only if it is "based on a genuine marriage in which the parties intended to share a life as husband and wife, not a marriage of convenience designed solely to confer an immigration benefit on one of the parties." In re Riero, 24 I. & N. Dec. 267, 268 (B.I.A. 2007); see Linares Huarcaya v. Mukasey, 550 F.3d 224, 230 (2d Cir. 2008) (per curiam) (approving of Riero's interpretation).

Under this law, Orellana could be eligible to adjust status only if he demonstrated that the visa petition filed by ex-wife Luz Garzon was properly filed and that their marriage was bona fide. The agency acted within its discretion in finding that he failed to do so. As a threshold matter, Orellana never produced any evidence that when she married him, the bride had divorced her prior husband. If Garzon was married to someone else, her marriage to Orellana was not bona fide, even if they might otherwise have intended to share a life as husband and wife.

But the record also lacked evidence of such an intention. Orellana admitted that he learned about Garzon's ex-husband only after their interview with the Immigration and Naturalization Service in 1999; that he met a few of her friends, but not her family; and that he never visited her in jail--indeed, he did not even know why she was in jail. Combined with Garzon's failure to disclose her prior marriage on the visa petition, the agency had discretion to find that the petition was neither properly filed nor meritorious.

In the main, Orellana argues that the agency overlooked the documentary evidence he presented concerning his relationship with Garzon. But, as the IJ observed, most of those documents "do not address that marriage, or have anything to do with his ex-wife"; they demonstrated that

3

Orellana lived in the "marital home," but not that he and Garzon lived there together.

Orellana posits that he had no reason to enter a sham marriage because Luis Rojas, who testified at his merits hearing, could have sponsored him. That may be so. But even if Orellana did not marry Garzon solely for an immigration benefit, he never produced proof that Garzon was free to marry him.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the stay of removal that the Court previously granted in this petition is VACATED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk