**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHUNG HOU HSIAO,<br>*Plaintiff-Appellant*,<br><br>v.<br><br>MARK J. HAZUDA, Director,<br>Nebraska Service Center, U.S.<br>Citizenship and Immigration<br>Services; JAMES MCCAMENT, Acting<br>Director, U.S. Citizenship and<br>Immigration Services; JEFFERSON B.<br>SESSIONS III, Attorney General of<br>the United States; ELAINE DUKE,<br>Acting Secretary, Department of<br>Homeland Security,<br>*Defendants-Appellees.* | No. 15-55676<br><br>D.C. No.<br>8:14-cv-00728-<br>DOC-DFM<br><br><br>OPINION |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted May 10, 2017
Pasadena, California

Filed September 1, 2017

Before:  Richard R. Clifton and Michelle T. Friedland,
Circuit Judges, and Thomas O. Rice,[*] Chief District Judge.

Opinion by Judge Clifton

---

**SUMMARY**[**]

---

### Immigration

The panel affirmed the district court's decision granting summary judgment in favor of the United States Citizenship and Immigration Service in an action brought by Chung Hou Hsiao challenging the denial of his application to adjust his status to that of a lawful permanent resident.

The panel addressed adjustment of status under 8 U.S.C. § 1255(i), a grandfathering provision that allows an alien who would otherwise be disqualified from securing adjustment of status due to unauthorized employment or failing to maintain lawful status to nevertheless obtain adjustment of status if the alien is the beneficiary of a visa petition filed on or before April 30, 2001.  In order to qualify, the visa petition must have been "approvable when filed," meaning, in part, that the visa petition was "meritorious in fact."

---

[*] The Honorable Thomas O. Rice, Chief United States District Judge for the Eastern District of Washington, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

Hsiao claimed that he was the beneficiary of such visa petitions – even though the petitions were denied – because they were "approvable when filed." Hsiao's position was that, to determine whether a previously denied visa petition was "meritorious in fact," USCIS must reevaluate the petition anew, taking account of any additional evidence that an alien may choose to submit.

The panel held that, in determining whether an alien's prior visa petition was "meritorious in fact," it is generally permissible to treat a denial of the petition as dispositive if it was made on the merits and the denial was not the result of circumstances that changed after the petition was filed. The panel acknowledged that there may be exceptions to this general rule, but that such exceptions did not apply in Hsiao's case, and there was no allegation that his circumstances changed between when his visa petitions were filed and when they were denied. The panel further held that, although USCIS may have had the option to reconsider the merits of Hsiao's prior petitions in light of new evidence he submitted, it was not required to do so.

**COUNSEL**

Scott Eric Bratton (argued) and Margaret W. Wong, Margaret Wong & Associates, Cleveland, Ohio, for Plaintiff-Appellant.

Glenn Matthew Girdharry (argued), Assistant Director; Elianis N. Perez, Senior Litigation Counsel; William C. Peachey, Director; District Court Section, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.; for Defendants-Appellees.

**OPINION**

CLIFTON, Circuit Judge:

The Immigration and Nationality Act permits an alien who is already in the United States and meets certain criteria to apply to adjust his immigration status to that of an alien lawfully admitted for permanent residence without having to return to his country of origin and submit an application at the United States consulate in that country.  8 U.S.C. § 1255(a). An alien is disqualified from using this process, however, if he has engaged in unauthorized employment or has failed to continuously maintain lawful immigration status since entering the United States.  8 U.S.C. § 1255(c)(2).  Such a disqualification will be forgiven if the alien was the beneficiary of a qualifying visa petition (or labor certification application) that was filed on or before April 30, 2001, and if the alien meets certain other requirements.   8 U.S.C. § 1255(i).  In order to qualify, the visa petition must have been "approvable when filed."  8 C.F.R. § 245.10(a)(1)(i)(A).

What does it mean for a visa petition to have been "approvable when filed"?   If the petition was actually approved, then it qualifies, of course, but what if it was denied?  Is the denial dispositive, or should an alien be permitted to relitigate the merits of a previously denied petition when he makes a subsequent application to adjust his immigration status?

In this case, an alien sought to adjust his immigration status to that of a lawful permanent resident, but in order to do so, he needed to prove that at least one of the two visa petitions he filed prior to 2001 was approvable when filed, even though both were ultimately denied.  United States

Citizenship and Immigration Services ("USCIS") rejected the alien's application to adjust his status because the petitions were denied on their merits and because there was no allegation that the petitions were denied on the basis of circumstances that changed between the time when they were filed and the time when they were adjudicated. The alien challenged the denial of his application to adjust status in district court, where he argued that the mere fact that the prior visa petitions were denied was insufficient to demonstrate that they were not approvable when filed. He contended that USCIS should have reevaluated the merits of the visa petitions in light of new evidence he submitted.

The district court granted summary judgment to USCIS and held that USCIS was *permitted* to reevaluate the merits of a previously denied visa petition to determine whether it was approvable when filed but that it was only *obligated* to do so if the denial was due to circumstances that changed between when the petition was filed and when it was adjudicated. We agree with the district court, and we affirm.

## I. Background

Chung Hou Hsiao came to the United States from Taiwan in 1993 on a student visa. He earned a master's degree in electrical engineering from Fairleigh Dickinson University in New Jersey in 1995.

In 1998 Hsiao filed an I-140 petition seeking a visa pursuant to 8 U.S.C. §§ 1153(b)(2)(A) and 1154(a)(1)(F), which permit an alien with an advanced degree or "exceptional ability" to obtain a visa. The statute authorizes the Attorney General to waive an otherwise-applicable requirement that the alien's services be sought by a specific

employer if the Attorney General determines that such a waiver is "in the national interest." 8 U.S.C. § 1153(b)(2)(B)(i). Hsiao stated that his advanced degree and exceptional ability were in the field of electrical and computational engineering. After considering the documents Hsiao provided in response to a request for additional evidence, the Immigration and Naturalization Service[1] denied the petition, explaining that, although the record established that Hsiao was "a competent researcher," "[t]he record [did] not contain evidence to establish that the waiver of the [requirement for a] job offer [by a specific employer] would be in the national interest. The record establishe[d] that the qualifications and the job would be easily articulated on a labor certification and job offer."

Hsiao filed a second I-140 petition in 2000 seeking a visa pursuant to 8 U.S.C. §§ 1153(b)(1)(A) and 1154(a)(1)(E), which permit an alien of "extraordinary ability" to obtain a visa without the requirement that the alien's services be sought by an employer. Hsiao claimed that he possessed extraordinary ability in the field of computer technology. After the INS requested additional evidence and Hsiao provided supplemental materials, the INS concluded that "the evidence submitted [did] not establish that [Hsiao was] one of that small percentage who [had] risen to the very top of the field" and that he thus did not qualify "as an alien of extraordinary ability." The INS therefore denied the petition.

---

[1] The INS was eliminated in 2003, and its functions were reassigned to various agencies within the Department of Homeland Security, including USCIS. *See* Homeland Security Act of 2002, Pub. L. No. 107–296, 116 Stat. 2135 (2002).

Hsiao filed a third I-140 petition in 2012 pursuant to 8 U.S.C. § 1153(b)(2)(A), the "exceptional ability" provision. He claimed exceptional ability in solar technology, a different field from what he had claimed in his prior petitions. He again sought a national interest waiver to the job offer requirement, and USCIS approved the petition.

Hsiao then filed an I-485 application to adjust his status to that of a lawful permanent resident. He also filed a supplement stating that he was in unlawful immigration status because he had remained in the United States past the end of the period of his lawful admission and had failed to maintain lawful status. Ordinarily, that circumstance (or the circumstance of having undertaken employment without authorization, which also appears to apply to Hsiao) would, pursuant to 8 U.S.C. § 1255(c)(2), disqualify an alien from obtaining adjustment of status.

Hsiao sought relief from that disqualification on the basis of 8 U.S.C. § 1255(i), the "grandfathering" provision. The grandfathering provision allows an alien who would otherwise be disqualified from securing adjustment of status due to 8 U.S.C. § 1255(c) to nevertheless obtain adjustment of status provided that he meets certain requirements. In addition to other requirements that the parties seem to agree Hsiao satisfied, the grandfathering provision requires that the alien be the beneficiary of "a petition for classification under [8 U.S.C. § 1154] that was filed with the Attorney General on or before April 30, 2001."[2]  8 U.S.C. § 1255(i)(1)(B)(i).

---

[2] Originally, 8 U.S.C. § 1255(i) was forward-looking and allowed certain otherwise ineligible aliens to obtain adjustment of status without regard to when any visa petition may have been filed as long as they paid a fee. Pub. L. No. 103-317, § 506(b), 108 Stat. 1724 (1994). The original

According to 8 C.F.R. § 245.10(a)(1)(i)(A), a petition only counts under the grandfathering provision if it was "approvable when filed."

Hsiao claimed he was the beneficiary of two such petitions, namely the 1998 and 2000 petitions described above. He argued that, even though those petitions were denied, they were nevertheless approvable when filed. In support of his position, Hsiao cited some evidence that was in the record at the time the petitions were originally adjudicated, and he also provided new evidence. USCIS denied Hsiao's application to adjust status, explaining that the petitions "were denied for cause and were not approved" and concluding that the "petitions were not approvable when filed." His administrative appeal was denied on the same grounds.

Hsiao then filed a complaint in the Central District of California, where he then resided, invoking the Administrative Procedure Act to challenge the denial of his application to adjust his status. The district court concluded that USCIS did not violate the APA in denying Hsiao's application to adjust his status, denied summary judgment to Hsiao, and granted summary judgment to USCIS. Hsiao timely appealed.

---

form of § 1255(i) subsequently expired. *Id.* § 506(c). Congress, however, extended its application for aliens who made certain filings prior to a specific date, thus allowing those aliens to be grandfathered. Pub. L. No. 105-119, § 111(a), 111 Stat. 2440 (1997); Pub. L. No. 106–554, § 1502(a)(1)(B), 114 Stat. 2763 (2000).

## II.  Discussion

We review a grant of summary judgment de novo. *Ramirez v. Brown*, 852 F.3d 954, 958 (9th Cir. 2017).  When considering a challenge to a final agency decision brought pursuant to the APA, "[t]he reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2).

Hsiao does not challenge the original denial of his 1998 and 2000 I-140 petitions.  Indeed, he could not do so as the time period for challenging those denials has long since run. *See* 28 U.S.C. § 2401(a).  Nor does he contend that the relevant regulations are improper interpretations of the statute.  Rather, the dispute in this appeal is whether USCIS correctly interpreted its own regulations in determining that Hsiao's 1998 and 2000 I-140 petitions were not "approvable when filed."

The term "approvable when filed" is defined in the applicable regulation:

> Approvable when filed means that, as of the date of the filing of the qualifying immigrant visa petition . . . , the qualifying petition . . . was properly filed, meritorious in fact, and non-frivolous ("frivolous" being defined herein as patently without substance).  This determination will be made based on the circumstances that existed at the time the qualifying petition or application was filed.  A visa petition that was properly filed on or

> before April 30, 2001, and was approvable
> when filed, but was later withdrawn, denied,
> or revoked due to circumstances that have
> arisen after the time of filing, will preserve the
> alien beneficiary's grandfathered status if the
> alien is otherwise eligible to file an
> application for adjustment of status under
> [8 U.S.C. § 1255(i)].

8 C.F.R. § 245.10(a)(3). "Properly filed" means that the petition was received or postmarked by April 30, 2001, and was accepted for filing. 8 C.F.R. § 245.10(a)(2). "Circumstances that have arisen after the time of filing means circumstances similar to those outlined in [8 C.F.R. §§ 205.1(a)(3)(i), (ii)]." 8 C.F.R. § 245.10(a)(4). In turn, 8 C.F.R. §§ 205.1(a)(3)(i), (ii) discuss voluntary withdrawal of a petition as well as situations in which a petition will be revoked due to certain changes in circumstances experienced by the alien or his sponsor including death, marriage, divorce, a child reaching the age of twenty-one, and bankruptcy.

USCIS does not contend that Hsiao's petitions were not properly filed or that they were frivolous. Accordingly, the only dispute is whether the petitions were "meritorious in fact," or, more precisely, what process USCIS should have followed in determining whether the petitions were meritorious in fact.

Hsiao's position is that, to determine whether a previously denied visa petition was meritorious in fact, USCIS must reevaluate the petition anew, taking account of any additional evidence that an alien may choose to submit. By contrast, USCIS contends that consideration of additional evidence may be warranted when a petition is denied based on

circumstances that arose after filing, but when a petition is denied on the merits absent such a change in circumstances, then USCIS is permitted to rely on the mere fact of the denial as conclusive proof that the petition was not meritorious in fact.

An agency's interpretation of its own regulation is "controlling unless plainly erroneous or inconsistent with the regulation." *Auer v. Robbins*, 519 U.S. 452, 461 (1997) (internal quotation marks omitted). Even if we were not required to accord deference to the agency's interpretation here, we would conclude that USCIS's interpretation of the regulations in this case is more logical.

USCIS's position conforms more closely with the text of the regulation. The regulation states that "[a] visa petition that was . . . approvable when filed, but was later withdrawn, denied, or revoked *due to circumstances that have arisen after the time of filing*, will preserve the alien beneficiary's grandfathered status." 8 C.F.R. § 245.10(a)(3) (emphasis added). This statement means that the term "approvable when filed" is not an invitation to relitigate any petition that was denied on its merits. Rather, the "approvable when filed" standard is a safety valve for petitions that would have been approved on their merits if they had been adjudicated on the day they were filed but were not approved because of subsequent events.

This reading comports with the agency's guidance from when the regulation was adopted. The background section published in the Federal Register concurrently with promulgation of the regulation explains: "When the Service has denied an immigrant visa petition (or has revoked a prior approval) based on ineligibility at the time of filing, the

petition does not qualify to grandfather the alien beneficiary for purposes of section [1255(i)]." Adjustment of Status to That Person Admitted for Permanent Residence; Temporary Removal of Certain Restrictions of Eligibility, 66 Fed. Reg. 16383, 16385 (Mar. 26, 2001). There is no suggestion in the regulation or the guidance that USCIS must reevaluate a petition that has already been denied when the denial was based on the circumstances that existed when the petition was filed.

This understanding is also consistent with the First Circuit's interpretation of the regulation. In *Echevarria v. Keisler*, 505 F.3d 16 (1st Cir. 2007), an alien argued that her previously filed visa petition was meritorious in fact even though it was denied on the merits. The alien's petition had originally been denied because an immigration officer determined that she had failed to demonstrate that her marriage was bona fide. *Id.* at 18. Like Hsiao, when the alien subsequently sought grandfathering for purposes of an application to adjust status, she submitted new evidence and argued that the agency "was under some automatic obligation to decide the bona fides issue afresh on whatever record [was then] presented long after the event and long after a contrary determination for which no review was sought." *Id.* at 20.

*Echevarria* explained that even though a prior denial of a visa petition hypothetically could subsequently prove to have been mistaken, "there is no reason to think that the grandfathering provision was meant to give a second bite at the apple to one who earlier had a full and fair opportunity to" make his case. *Id.* at 19–20. The court therefore held "that in general, possibly with rare exceptions, a court should not require revisiting the original visa determination, if one was made 'on the merits,' did not depend on changed

circumstances, and could have been effectively reviewed at the time." *Id.* at 20.

We agree. Hsiao does not contend that there was no opportunity for review when his visa petitions were originally denied. If he believed that the denials were improper, he should have challenged the denials then and there. Requiring the agency to now readjudicate a question that was already resolved well over a decade ago would not be a sensible reading of the regulation.

The Board of Immigration Appeals' decision in *In re Riero*, 24 I. & N. Dec. 267 (B.I.A. 2007), which was decided shortly before *Echevarria* and on which Hsiao relies heavily, is not to the contrary. In *Riero*, the alien had also been the beneficiary of a visa petition that was rejected because of "significant doubt as to the bona fides of [his] marriage." *Id.* at 270. The Immigration Judge nevertheless considered new evidence about the marriage adduced as part of Riero's application to adjust status. *Id.* at 269. The BIA agreed with the IJ that the new evidence was insufficient to establish that the marriage was bona fide and therefore also agreed that Riero was not eligible for adjustment of status. *Id.* at 270. Hsiao contends that USCIS should have conducted a procedurally similar evaluation of the new evidence in his case.

The BIA's approval of an IJ's exercise of *discretion* to review new evidence in one case, however, does not *obligate* a similar review for all future applicants who seek to avail themselves of the grandfathering provision. Even though the *Echevarria* court did not cite *Riero*, it allowed for such a distinction when it noted that whether an adjudicator of a later application to adjust status "could as a matter of grace choose

to reexamine [an] earlier [visa petition] decision [was] a different issue which [was] not presented in [that] case." 505 F.3d at 20. That question is not presented by Hsiao's case either. Although USCIS may have had the option to reconsider the merits of Hsiao's prior petitions in light of the new evidence he submitted, it was not required to do so.**[3]**

Accordingly, we hold that, in determining whether an alien's prior visa petition was "meritorious in fact" for purposes of the grandfathering provision, it is generally permissible to treat a denial of the petition as dispositive if the denial was made on the merits and if the denial was not the result of circumstances that changed after the petition was filed. We acknowledge that there may be exceptions to this general rule, such as if there was not an opportunity for effective review at the time of the original denial.

Such exceptions do not apply in Hsiao's case, however. His visa petitions were denied on the merits, and there is no allegation that his circumstances changed between when the petitions were filed and when they were denied. USCIS was

---

**[3]** Hsiao also cites a Fourth Circuit case, *Ogundipe v. Mukasey*, 541 F.3d 257 (4th Cir. 2008), in support of his position. In *Ogundipe*, the IJ had reviewed new evidence submitted by an alien to evaluate whether his visa petition was approvable when filed. *Id.* at 259–61. Approving of the IJ's decision to consider that evidence, the *Ogundipe* court explained that it found "nothing in the applicable statutes or regulations that *prevents* an IJ in removal proceedings from considering other evidence that a petition was approvable when filed, even if that evidence was never submitted in conjunction with the original petition." *Id.* at 260 (emphasis added). The court went on, however, to suggest that consideration of such evidence might be *required*. *Id.* at 261. To the extent that *Ogundipe* held that it was mandatory to consider new evidence presented by an alien seeking to adjust his status under the grandfathering provision, we disagree for the reasons stated in this opinion.

thus permitted to treat the denials of the petitions as dispositive in determining that they were not meritorious in fact and therefore were not approvable when filed. USCIS's determination that Hsiao was not grandfathered and not eligible to adjust his status was therefore not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). We affirm the district court's grant of summary judgment to USCIS.

## III.    Conclusion

The district court correctly concluded that USCIS was permitted to treat prior merits-based denials of Hsiao's visa petitions as dispositive proof that the petitions were not approvable when filed. We therefore affirm.

**AFFIRMED.**