# Matter of Policarpo TRIANA, Respondent

*Decided December 1, 2022*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

When determining whether a respondent is grandfathered for purposes of adjustment of status under section 245(i) of the Immigration and Nationality Act, 8 U.S.C. § 1255(i) (2018), a decision of the United States Citizenship and Immigration Services ("USCIS") to approve a visa petition filed on or before April 30, 2001, does not foreclose an Immigration Judge from determining in removal proceedings whether that petition was "approvable when filed" within the meaning of 8 C.F.R. § 1245.10(a)(1)(i) (2021).

FOR THE RESPONDENT: Michael Christian Urbina-Pabon, Esquire, Kennesaw, Georgia

FOR THE DEPARTMENT OF HOMELAND SECURITY: Andrew J. Hewitt, Assistant Chief Counsel

BEFORE: Board Panel: GREER, GOODWIN, and GORMAN, Appellate Immigration Judges.

GOODWIN, Appellate Immigration Judge:

This case was last before this Board on June 25, 2020, when we dismissed the respondent's appeal of the Immigration Judge's April 18, 2018, decision denying his applications for adjustment of status under section 245(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255(i) (2018), and cancellation of removal for certain nonpermanent residents under section 240A(b)(1) of the INA, 8 U.S.C. § 1229b(b)(1) (2018). This case is presently before us pursuant to a January 22, 2021, order from the United States Court of Appeals for the Eleventh Circuit granting the Government's unopposed motion to remand. The appeal will again be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The following facts are undisputed. The respondent is a native and citizen of Mexico. He married his wife in 1989. More than 8 years after the marriage, his wife's lawful permanent resident father filed a Form I-130, Petition for Alien Relative, on her behalf, wrongly claiming that she was an unmarried daughter of a lawful permanent resident. *See* INA § 203(a)(2)(B), 8 U.S.C. § 1153(a)(2)(B) (1994). The petition was approved by the former

Immigration and Naturalization Service ("INS")[1] on October 29, 1998, and the respondent's wife became the beneficiary of an approved second preference visa petition as an unmarried daughter of a lawful permanent resident.[2] There is no visa category for a married daughter of a lawful permanent resident. *See* INA § 203(a)(3), 8 U.S.C. § 1153(a)(3) (providing a visa category for married sons and daughters of *citizens*).

In removal proceedings, the respondent applied for cancellation of removal under section 240A(b)(1) of the INA, 8 U.S.C. § 1229b(b)(1), and adjustment of status under section 245(i)(1) of the INA, 8 U.S.C. § 1255(i)(1), claiming that he was grandfathered through his wife's approved petition filed by her father in 1997. The Immigration Judge denied the respondent's applications, and the respondent appealed to the Board. We held that, to be grandfathered based on his wife's prior visa petition, the respondent must show that this petition was properly filed with the Attorney General on or before April 30, 2001, and that it was "approvable when filed." 8 C.F.R. § 1245.10(a)(1)(i)(A) (2020). Because the respondent's wife did not qualify for the visa preference category requested when the petition was filed, we determined that the petition was not "approvable when filed" and affirmed the Immigration Judge's denial of the respondent's application for adjustment of status.

The respondent filed a petition for review with the Eleventh Circuit. The court granted the Government's motion to remand the case for the Board to "reconsider the circumstances regarding whether a visa petition was not 'approvable when filed' despite the fact that it had actually already been approved." The motion to remand noted that prior Board precedent and the relevant regulation governing whether a petition is approvable when filed "are silent about situations in which the grandfathering petition was *approved*," and not later revoked. *See* 8 C.F.R. § 1245.10(a)(3) (defining "approvable when filed"). We will now address that gap.[3]

---

[1]  In the Homeland Security Act of 2002, Pub. L. No. 107-296, § 451(b)(1), 116 Stat. 2135, 2196 (codified at 6 U.S.C. § 271(b)(1) (2006)), the authority to adjudicate visa petitions was transferred from the INS to the United States Citizenship and Immigration Services.

[2]  The 1998 visa approval is not in the record of proceedings. We note that the respondent's wife adjusted status through a later visa petition filed on her behalf as the mother of a United States citizen. References throughout this decision to the respondent's wife's visa petition relate to the visa petition filed by her father in 1997 and granted in 1998.

[3]  The Government's motion to remand, which the Eleventh Circuit granted, did not ask us to reconsider the respondent's application for cancellation of removal, and thus we will not disturb our prior decision affirming the Immigration Judge's denial of that application.

## II.  ANALYSIS

The issue in this case is whether an approved visa petition for which the beneficiary was not substantively eligible at the time of filing is "approvable when filed" within the meaning of 8 C.F.R. § 1245.10, such that it qualifies as a grandfathered petition for purposes of adjustment of status under section 245(i) of the INA, 8 U.S.C. § 1255(i).  We review this legal issue de novo. 8 C.F.R. § 1003.1(d)(3)(ii) (2021).

### A.  Legal Background

Adjustment of status is generally limited to applicants who have been "inspected and admitted or paroled into the United States."  INA § 245(a), 8 U.S.C. § 1255(a).  However, in 1994, Congress determined that "many close family members of [] legalized aliens were obliged to leave the United States so that they could apply for an immigrant visa at a consulate or embassy abroad, placing a significant administrative burden on the resources of the State Department and exposing the aliens themselves to considerable personal expense."  *Matter of Briones*, 24 I&N Dec. 355, 359 (BIA 2007) (citing Adjustment of Status to That of Person Admitted for Permanent Residence; Temporary Removal of Certain Restrictions of Eligibility, 59 Fed. Reg. 51,091, 51,092 (Oct. 7, 1994)).  Congress responded by enacting section 245(i) of the INA, 8 U.S.C. § 1255(i), which permits the Attorney General to grant adjustment of status upon the payment of a fee to those who entered the United States without inspection or failed to maintain lawful status after having been admitted as nonimmigrants.  *See* Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act, 1995, Pub. L. No. 103-317, § 506(b), 108 Stat. 1724, 1765–66 (effective Oct. 1, 1994); *see also Matter of Briones*, 24 I&N Dec. at 359–60 (discussing the history of section 245(i)).

Although section 245(i) was originally scheduled to sunset on October 1, 1997, Congress "enacted a grandfather clause, which allow[ed] certain aliens to continue to benefit from the provision."  *Matter of Rajah*, 25 I&N Dec. 127, 133 (BIA 2009).  To be grandfathered under this statute, the applicant must be "the beneficiary (including a spouse or child of the alien beneficiary if eligible to receive a visa under section 203(d) of the Act) of" a visa petition or labor certification that was properly filed on or before April 30, 2001, and was "approvable when filed."  8 C.F.R. § 1245.10(a)(1)(i)(A), (B); *see also Matter of Rajah*, 25 I&N Dec. at 133.  When those statutory requirements are satisfied, an applicant may apply to adjust his or her status to that of a lawful permanent resident.  *See* INA § 245(i)(1), 8 U.S.C. § 1255(i)(1). Derivative beneficiaries of the principal beneficiary may also be

grandfathered into the provision if a spouse or child relationship existed with the principal beneficiary on or before April 30, 2001.  *Matter of Estrada and Estrada*, 26 I&N Dec. 180, 184–85 (BIA 2013).

## B.  Defining "Approvable When Filed"

The Eleventh Circuit remanded the record to us to interpret the phrase "approvable when filed" and determine whether a visa that has been approved is necessarily "approvable when filed."  On remand, the respondent concedes that the phrase "approvable when filed" is ambiguous.  *See Linares Huarcaya v. Mukasey*, 550 F.3d 224, 229 (2d Cir. 2008) (per curiam) ("It is clear that 'approvable when filed' is ambiguous . . . .").  Neither section 245(i) nor 8 C.F.R. § 1245.10(a)(3), which governs whether a petition is approvable when filed, addresses situations where the grandfathering petition was mistakenly approved and not revoked, as is the case here.  We must therefore develop a reasonable interpretation of this regulation.  *See Nat'l Cable & Telcomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 980 (2005) ("[A]mbiguities in statutes within an agency's jurisdiction to administer are delegations of authority to the agency to fill the statutory gap in reasonable fashion.").

The respondent argues that, because his wife's visa petition was approved, it was necessarily "approvable when filed."  The regulation defines "approvable when filed" to mean, in relevant part,

> as of the date of the filing of the qualifying immigrant visa petition under section 204 of the Act . . . the qualifying petition . . . *was properly filed, meritorious in fact, and non-frivolous* ("frivolous" being defined herein as patently without substance).  This determination will be made based on the circumstances that existed at the time the qualifying petition or application was filed.  A visa petition that was properly filed on or before April 30, 2001, and was approvable when filed, but was later withdrawn, denied, or revoked due to circumstances that have arisen after the time of filing, will preserve the alien beneficiary's grandfathered status if the alien is otherwise eligible to file an application for adjustment of status under section 245(i) of the Act.

8 C.F.R. § 1245.10(a)(3) (emphasis added).  We conclude that a visa petition that is not "meritorious in fact" at the time of filing will not be considered "approvable when filed," even if the visa petition was, in fact, approved and never revoked.

The respondent cites to guidance from the Department of Justice issued in 2001 to argue that if a visa petition is approved at the time that the respondent files an application for adjustment of status, unless the petition is later revoked, the petition is approvable when filed for the purposes of section 245(i).  *See* Adjustment of Status To That Person Admitted for Permanent Residence; Temporary Removal of Certain Restrictions of

Eligibility, 66 Fed. Reg. 16,383, 16,385 (Mar. 26, 2001). However, this guidance also states that "a visa petition is not approvable when filed if it is fraudulent or if the named beneficiary did not have, at the time of filing, the appropriate family relationship or employment relationship that would support the issuance of an immigrant visa." *Id.* In this case, the respondent does not contest that when the visa petition was filed, he was married to his wife, and therefore his wife did not have "the appropriate family relationship" as an unmarried daughter of a lawful permanent resident "that would support the issuance of" the visa. *Id.* Instead, he argues only that the visa petition was approved despite the former INS having no knowledge of her marriage.

While "meritorious in fact" is not defined by the regulations, we have held that a visa petition is meritorious in fact if it "'merited a legal victory' upon filing." *Matter of Butt*, 26 I&N Dec. 108, 115 (BIA 2013) (citing *Ogundipe v. Mukasey*, 541 F.3d 257, 260 (4th Cir. 2008)); *see also Tomay-Hart v. U.S. Att'y Gen.*, 791 F. App'x 857, 861 (11th Cir. 2019) ("A visa petition is meritorious in fact if it 'merited legal victory' on the day it was filed, 'notwithstanding . . . subsequent events.'" (quoting *Matter of Butt*, 26 I&N Dec. at 115)). For example, when considering whether an applicant is eligible for adjustment of status under section 245(i) based on an immediate relative visa petition filed by a spouse, the nature of the marriage underlying the visa petition should be considered. *See Matter of Jara Riero and Jara Espinol*, 24 I&N Dec. 267, 268–69 (BIA 2007). In such a case, "meritorious in fact" requires the underlying marriage be "bona fide at its inception" for purposes of grandfathering. *Id.* at 270. Similarly, "a labor certification is 'meritorious in fact' if it was 'properly filed' and 'non-frivolous,' so long as a bona fide employer/employee relationship exists where the employer has the apparent ability to hire the sponsored alien and where there is no evidence that the labor certification is based on fraud." *Matter of Butt*, 26 I&N Dec. at 116.

The denial of a visa petition is "not determinative of whether the visa petition was meritorious in fact" when filed, and that denial or revocation does not automatically foreclose a determination that a visa petition was approvable when filed. *Matter of Jara Riero and Jara Espinol*, 24 I&N Dec. at 269; *see also Matter of Butt*, 26 I&N Dec. at 115 (holding that denial, withdrawal, or revocation of a visa petition does not determine whether the petition was approvable when filed).[4] A family-based visa petition could be

---

[4] The USCIS Policy Manual also provides that approval or denial of a qualifying immigrant visa petition or labor certification application is not determinative of whether a petition is approvable when filed. *See* 7 USCIS Policy Manual, pt. C, chp. 2 (updated Oct. 19, 2022), https://www.uscis.gov/policy-manual/volume-7-part-c-chapter-2#footnotelink-14. For an immigrant visa petition to be "meritorious in fact" at the time

denied as a consequence of insufficient evidence while a subsequent petition based on additional evidence could be approved. Similarly, the inverse is true. Accordingly, the decision of the United States Citizenship and Immigration Services ("USCIS") to approve a visa petition filed on or before April 30, 2001, does not foreclose an Immigration Judge from determining in removal proceedings whether that petition was "approvable when filed" within the meaning of 8 C.F.R. § 1245.10(a)(1)(i), where the evidence presented during removal proceedings reflects that the original beneficiary of the grandfathered petition was substantively ineligible for the visa at the time the petition was filed. *See Matter of Aurelio*, 19 I&N Dec. 458, 460 (BIA 1987) ("The proceedings in which visa petitions are adjudicated are separate and apart from [removal] proceedings.").

We draw a parallel to our decision in *Matter of Kagumbas*, 28 I&N Dec. 400, 405 (BIA 2021), where we held that an Immigration Judge retains the authority to inquire into the bona fides of a marriage when considering an application for adjustment of status under section 245(a) of the INA. Although that case did not address the ambiguity of a specific regulatory provision, it clarified that Immigration Judges may assess the validity of a marriage upon which a visa petition is based. *Id.* at 404–05. We premised this conclusion on the fact that the respondent has the burden of proving that he is eligible for adjustment of status, and an "Immigration Judge's assessment of whether the respondent has met his [or her] burden of proof does not become merely a ministerial act simply because there is an approved I-130 visa petition." *Id.* at 404. Similarly, in this case, to determine whether the respondent has satisfied his burden of proof, the Immigration Judge is not limited to the perfunctory act of acknowledging that the underlying visa petition was previously approved. Instead, the Immigration Judge may evaluate, based on the record, the validity of the petition's approval and determine whether it was "approvable when filed."

## C. Application to the Respondent's Case

The visa classification for which the respondent's father-in-law petitioned required the respondent's wife to be an unmarried daughter of a lawful permanent resident. *See* section 203(a)(2)(B) of the INA, 8 U.S.C. 1153(a)(2)(B). However, the respondent and his wife were already married at the time the petition was filed, and thus she did not meet the substantive eligibility requirements for this immigrant category. Given the evidence

---

of filing, the beneficiary must satisfy "all the substantive eligibility requirements at the time of filing for the specified immigrant category." *Id.* While the internal USCIS policy is not binding on this Board, it is persuasive. *See Matter of Tijam*, 22 I&N Dec. 408, 415–16 (BIA 1998).

presented in this case, the petition did not "merit a legal victory" upon filing and was not "meritorious in fact." As a consequence, the respondent has not shown that the visa petition on which he seeks to base his 245(i) adjustment of status application was "approvable when filed" within the meaning of 8 C.F.R. § 1245.10(a)(3).

The respondent argues that the "approvable when filed" requirement exists to allow respondents to adjust status based on unapproved petitions despite the fact that the merits were not adjudicated by USCIS or circumstances changed so as to render the petition not approvable. However, in this case, the circumstances underlying his wife's visa petition did not change over time. Instead, the information provided on the petition was wrong when it was filed. She was not, in fact, the unmarried daughter of the petitioner, and, as stated earlier, there is no visa category available for a married daughter of a lawful permanent resident.[5]

Therefore, we will uphold the Immigration Judge's decision denying the respondent's application for adjustment of status. Accordingly, the respondent's appeal is again dismissed.

**ORDER:** The appeal is dismissed.

---

[5]   It is also notable that the respondent is essentially seeking treatment as a derivative beneficiary, specifically his wife's spouse, on a petition that indicated that she was unmarried.